STATE of Missouri, Respondent,

v.

Herbert William HARRIS, Jr., Appellant.

No. 49082.

Supreme Court of Missouri,

Division No. 1.

May 14, 1962.

Cecil Block, St. Louis, for appellant.

Thomas F. Eagleton, Atty. Gen., Carl R. Gaertner, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

COIL, Commissioner.

Herbert W. Harris, Jr., was convicted of robbery in the first degree with a dangerous and deadly weapon and, in accordance with the jury's verdict, sentenced to fifteen years' imprisonment. He has appealed but has filed no brief, and so we examine the assignments of his new trial motion.

■ The state's evidence tended to show that about 9:15 on the night of February 5, 1960, three men entered the Reigel Service Station at 3720 North Kingshighway in St. Louis and there accosted Arnold Johnson, an attendant on duty. One of the men, later identified as the defendant, had a pistol in his hand and announced, "This is a stick-up." The three forced Johnson into the washroom, took from him more than $100 of his employer's money, and beat him with their fists. Defendant was positively identified as one of the robbers both prior to and at the trial.

It is apparent that a jury reasonably could have found defendant guilty of robbery in the first degree with a dangerous and deadly weapon as charged and, consequently, defendant's new trial assignments 2 and 6, asserting error in the refusal of the court to direct verdicts of acquittal, are without merit.

■ After the lawyers had exercised their peremptory challenges and twelve jurors thereby had been selected but not

sworn, court was adjourned until the following morning when defendant's counsel, out of the hearing of the jury, announced that inadvertently he had mistakenly failed to peremptorily challenge juror Stephens and requested that the court then excuse Stephens and substitute Mrs. Hart who had been on the panel the day before. The state's attorney was agreeable but the court denied the request. Prior to the court's instructing the jury, defendant objected to giving any instructions to or to permitting the case to go to the jury for the reason that it was "not a true and lawful jury in accordance with the desire and wishes of the defendant" on account of the incident hereinabove described, and that thereby defendant had not had a fair and impartial trial as guaranteed by the state and federal constitutions. Defendant's new trial assignments 1 and 5 assert that the court erred in refusing to permit the substitution of panel member Hart for selected but unsworn juror Stephens and in failing to declare a mistrial and discharge the jury as requested by defendant by reason of the fact that it was not a lawfully selected jury.

The record shows that defendant did not request that the court discharge the jury or take any other action after denial of his request for the exchange. Defendant's counsel indicated by his statement (when he made his request that he would like to have juror Stephens excused and "have brought over Mrs. Delores L. Hart") that he was aware of the well-known fact that jurors in the City of St. Louis are assigned from a central jury room and, after twelve are selected from the panel, those not used as jurors return to the jury assignment division. Defendant made no showing in the record as to the availability of panel member Hart at the time of his request; i. e., there was no showing whether she had been chosen as a juror in another case in another division or whether she had by that time been excused from service. Nor did defendant attempt to show that any prejudice resulted to him by reason of the refusal of the trial court to attempt to make the substitution requested.

It seems clear to us that under the recited circumstances, the question whether to attempt the requested substitution was within the discretion of the trial judge, and we find no abuse of that discretion.

■ New trial assignment 4 asserts that the trial court erred in failing to instruct on alibi. Assuming there was evidence to justify an alibi instruction, there is no merit in the contention because defendant made no request for such an instruction. The trial court need not instruct on alibi unless requested to do so. State v. Johnson, Mo., 234 S.W.2d 219, 222[5]. See also State v. Chaney, Mo., 349 S.W.2d 238. Defendant's counsel's stated objection immediately prior to the giving of instructions, that the court "failed to instruct the jury on all the law in the case involved, such as alibi instruction, * * *" does not constitute a request for an instruction on alibi. A "request" for an instruction consists of preparing and presenting to the court a written instruction with the request that it be given. State v. Martin, 364 Mo. 258, 260 S.W.2d 536, 547 [13, 14].

■ The remaining assignment in defendant's motion for a new trial, in so far as it charges that the trial court erred in giving each instruction because they constituted misstatements of the law and conflicted with each other, is too general to have preserved anything for appellate review. Assuming that the portion of the assignment which charges that all the instructions given "required the jury to find the defendant guilty irrespective of the evidence" is sufficiently specific, such portion is without merit. An examination of the instructions shows that the facts hypothesized were supported by the evidence and, if found by the jury, justified the guilty verdict.

We have found no prejudicial error in connection with those matters which we

review upon the record even though defendant has made no allegation of error with respect to them.

The judgment is affirmed.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.