THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES DENNIS, Defendant-Appellant.

(No. 60704; )

First District (5th Division)—April 25, 1975.

James J. Doherty, Public Defender, of Chicago (Robert P. Isaacson, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Donald M. Devlin and Michael J. Goggin, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

This is an appeal from the dismissal of a petition for post-conviction relief following an evidentiary hearing. In 1968 petitioner, after a jury trial, was found guilty of armed robbery and sentenced by Judge Reginald Holzer to a term of from 40 to 80 years. His conviction was upheld on direct appeal by the Illinois Supreme Court. (*People v. Dennis*, 47 Ill.2d 120, 265 N.E.2d 385.)* In 1971 petitioner filed a pro se petition for post-conviction relief alleging that he was punished for exercising his constitutional right to a jury trial. In support of the petition he submitted the affidavit of his trial counsel stating that at a pretrial conference with Judge Holzer and the assistant State's attorney, petitioner was offered a term of from 2 to 4 years if he would plead guilty. Judge Holzer, who refused to recuse himself, dismissed the petition without holding an evidentiary hearing. On appeal to this court we held in *People v. Dennis*, 14 Ill.App.3d 493, 302 N.E.2d 651; (1) since the allegations made by petitioner could be proved only by facts outside the record, the issue could not have been raised on direct appeal, and therefore the rule of waiver did not apply; (2) the allegations contained in the petition com-

---

* The facts of this case were discussed in detail by the Illinois Supreme Court in its opinion. The evidence showed that petitioner and two others while armed with a sawed-off shotgun robbed a cab driver. All three were indicted for this crime. One of petitioner's codefendants pleaded guilty and was placed on probation for five years; the State chose to "nolle prosse" the charge against the other codefendant.

bined with the inferences to be drawn therefrom and from the supporting affidavit sufficiently raised the issue of whether petitioner was denied a constitutional right; and (3) the cause should be remanded for a hearing to be conducted before a judge other than Judge Holzer who would likely be called as a witness. Pursuant to this holding an evidentiary hearing was held before Judge Joseph Power, at the conclusion of which the petition was dismissed.

Petitioner contends that the imposition of a sentence of 40 to 80 years after a jury trial when he had been offered a 2- to 4-, 2- to 5- or 2- to 6-year term in return for a guilty plea prior to trial was tantamount to punishment for the exercise of his rights under the United States and Illinois Constitutions, and therefore he was entitled to post-conviction relief.

At the evidentiary hearing petitioner testified on his own behalf that in February, 1968 he was represented by Assistant Public Defender Stuart Skudder who advised him that during a plea bargaining conference a term of from 2 to 4 years was offered for a guilty plea to armed robbery charges pending against him. Skudder told him that the assistant State's attorney and Judge Holzer were parties to this conference. Petitioner told Skudder that he would only accept an offer of "time considered served." This was refused by Judge Holzer and the State. He chose to be tried by a jury, was found guilty and sentenced by Judge Holzer to a term of from 40 to 80 years.

David Selig testified on behalf of the State that he was the assistant State's attorney who participated in the plea negotiations regarding the armed robbery charges pending against petitioner. He had a vivid recollection of the case. Other participants in the plea negotiations were Stuart Skudder, petitioner's attorney, William Wise, the senior assistant State's attorney assigned to Judge Holzer's courtroom, and Judge Holzer. Due to the backlog of cases with which the State was at that time confronted, and at the insistence of Wise, he recommended a sentence of 2 to 6 years. A plea conference was held before Judge Holzer at which Selig related the State's offer and informed the court of petitioner's prior convictions. Judge Holzer said he would accept the State's recommendation if petitioner pleaded guilty. Petitioner did not accept this offer but rather forwarded a counterproposal that he be sentenced only to the time he had already spent in jail. This was rejected by the State. The case proceeded to a jury trial.

On cross-examination Selig reiterated that at the plea conference he informed Judge Holzer of the "provables," i.e., the substance of the State's case against petitioner and petitioner's prior felony convictions. This was

in accord with Judge Holzer's customary procedure before committing himself to a pretrial offer. Selig admitted that the disparity between the sentence offered before trial and the one ultimately imposed was "great."

Judge Holzer testified for the State that although he had some independent recollection of petitioner's case, he could not recall it in great detail. There was probably a plea conference during the course of the proceedings since "we tried to dispose of most every case without a jury trial if possible, to save time and to get that constant backlog down." During a plea bargaining conference he would make it very clear to the defense attorney what the sentence would be in return for a guilty plea. He would not commit himself to any sentence without knowing the criminal record of the defendant. He recalled that in petitioner's case, following a jury verdict of guilty, he followed the State's recommendation of 40 to 80 years.

During final argument on the petition the court made several comments to the effect that it was troubled by petitioner's "arrogance." It further stated that it believed that the adjustment of petitioner's sentence lay within the province of the appellate court. Consequently, despite its specific finding that during plea negotiations petitioner had been offered a sentence of 2 to 4, 2 to 5 or 2 to 6 years if he pleaded guilty, the court dismissed the petition.

Opinion

Petitioner contends that he proved his allegation that he suffered a constitutional deprivation, namely, that his sentence of 40 to 80 years was punishment for his decision to be tried by a jury, and therefore his petition should not have been dismissed. We agree.

It is unconstitutional for a trial judge to punish a defendant merely for exercising his right to a jury trial. (See *People v. Moriarty*, 25 Ill.2d 565, 185 N.E.2d 688.) We have not hesitated to order the reduction of a sentence where the record indicates that this principle has been violated. (*People v. Smith*, 132 Ill.App.2d 1028, 271 N.E.2d 61.) Moreover, it has been recognized that an allegation of a constitutional deprivation of this nature may be shown inferentially as well as through the overt comments of the trial court to the effect that the sentence imposed was punishment for a defendant's jury demand. In *People v. Jones*, 118 Ill.App.2d 189, 254 N.E.2d 843, for example, the appellant, who chose to be tried by a jury, received a 10- to 20-year sentence while his co-defendant, who chose to plead guilty before the same judge, received a 6- to 12-year sentence. The appellate court, noting that both men participated in the crime for which they were convicted "to the same extent"

and that both had almost identical criminal records, found there existed "a reasonable inference that [appellant] was penalized for exercising his constitutional rights." (*Jones,* at 197.) Similarly we believe that a "reasonable inference" of a constitutional deprivation may be drawn where a great disparity exists between the sentence offered at a pretrial conference to which the trial judge was a participant and one imposed at the conclusion of a jury trial.

In the instant case it is undisputed that during plea negotiations petitioner was offered a sentence of no more than 2 to 6 years in return for a plea of guilty but was sentenced to 40 to 80 years after his trial. The record demonstrates that during these plea negotiations the trial judge had been apprised of the State's "provables" and of petitioner's criminal record. There is nothing in the record to indicate why the court found appropriate the imposition of an extremely harsh sentence after petitioner's jury trial. We can only conclude that the sentence of 40 to 80 years was imposed as punishment for his decision to reject the State's offer and chose instead a jury trial. Although Judge Power found that petitioner's factual claim was proven, he mistakenly believed it to be within the exclusive province of the appellate court to modify petitioner's sentence. Such power is vested in the circuit court by section 122—6 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, par. 122—6) which provides, in pertinent part, that if "the court finds in favor of the petitioner, it shall enter an appropriate order with respect to the judgment or *sentence* in the former proceedings * * *." (Emphasis supplied.) Clearly, under the facts of the instant case he should have ordered a reduction of petitioner's sentence.

■■ Of course, under Supreme Court Rule 615(b)(4) (Ill. Rev. Stat. 1973, ch. 110A, par. 615(b)(4)) we, too, have the authority to adjust sentences. Although it is a power we properly exercise with circumspection and caution, we believe the instant situation dictates a review of petitioner's sentence. Upon examining the record and prior opinions in this case, we hold that in the interests of justice his sentence should be reduced to 6 to 18 years.

Finally, we wish to make it clear that our holding that petitioner suffered a constitutional deprivation which must be remedied is limited to the facts of the instant case, namely, a sentence imposed following a jury trial approximately 20 times greater than that offered during plea negotiations. We do not intend it to erode the well-established principle that a mere disparity between the sentence offered during plea bargaining and that ultimately imposed, of itself, does not warrant the use of our power to reduce a term of imprisonment imposed by the trial court. *People v. Hill,* 58 Ill.App.2d 191, 206 N.E.2d 269.

For the foregoing reasons we reverse the dismissal of the petition for post-conviction relief and reduce petitioner's sentence to a minimum of 6 and a maximum of 18 years.

Reversed—sentence reduced.

LORENZ and SULLIVAN, JJ., concur.