STATE of Missouri, Respondent,

v.

Elmer Gene BLANKENSHIP, Appellant.

No. 9984.

Missouri Court of Appeals,
Springfield District.

April 23, 1976.

Motion for Rehearing or to Transfer to
Supreme Court Denied May 11, 1976.

John C. Danforth, Atty. Gen., Robert L. Presson, Asst. Atty. Gen., Jefferson City, for respondent.

Paul McGhee, James E. McGhee, McGhee & McGhee, Dexter, for appellant.

Before BILLINGS, C. J., and HOGAN and FLANIGAN, JJ.

BILLINGS, Chief Judge.

Defendant Elmer Gene Blankenship was found guilty by a Wayne County jury of stealing a hog[1] and his punishment was fixed at three years imprisonment. In this appeal he assigns as error two instances of prosecutorial misconduct in argument, the court's failure to substitute a juror, the composition of the jury panel and the use of his confession in evidence. We affirm.

 We have examined the argument portion of the transcript and find no error calling for reversal. The defendant's objection to what he considered an implication by the prosecutor that the latter knew facts outside the record pointing to the defendant's guilt was sustained by the trial court. Defendant requested no further relief and thus has not preserved the matter for our review. State v. Bibee, 496 S.W.2d 305 (Mo.App.1973). It was not an abuse of discretion for the trial court to fail to declare a mistrial of its own motion because it is clear to us that the prosecutor's remarks were retaliatory in nature to the argument of defendant attacking the credibility and veracity of the arresting officer. The extent of such retaliation is largely within the discretion of the trial court [State v. Cusumano, 372 S.W.2d 860 (Mo.1963)].

 Defendant's second attack on the state's argument does not square with the objection he made at the trial. There, he objected to that portion of the argument wherein the prosecutor stated that if the jury fixed defendant's punishment at six months in the county jail or two years in the penitentiary, the defendant would be out on the street "laughing at all of us" in three months or seven months. Defendant's objection was there was no evidence he would be laughing at anyone. This objection, overruled, was not carried forward in defendant's motion for new trial. In this appeal he now contends the remark improperly referred to parole.

An assignment of error in a motion for new trial and in the appellate court must be based upon an objection made at the time of trial. State v. Jones, 515 S.W.2d 504 (Mo.1974); State v. Lang, 515 S.W.2d 507 [Mo.1974]. Specific objections are required to evidence, arguments or statements of counsel, and the objection must call the attention of the court to the ground or reason for the objection.

The defendant complains the court erred in failing to grant his request that juror Stephens be stricken as a member of the jury and replaced by another member of the panel. The defendant concedes that he did not challenge this juror for cause or by way of peremptory challenge on the official jury list.

 On voir dire of the panel it was developed that Stephens was a neighbor of the victim and had discussed the theft of the hog with him. However, Stephens denied he had formed an opinion or that his acquaintance with the victim would influence his judgment. No challenge for cause

1. A Hampshire. A Duroc sow named "Baby" was the subject of theft in a related case arising in Ripley County. State v. Blankenship, 526 S.W.2d 78 (Mo.App.1975).

was made by the defendant. Stephens was not struck by either side on the official jury list. When the names of the jurors were read aloud the defendant stated he had intended to strike Stephens but had inadvertently failed to do so on the official list and requested Stephens then be struck and replaced by another member of the panel. The trial court noted that defendant's attorney used the official list in his scratches, delivered it to the clerk, the clerk called the jury, including Stephens, and the parties were bound by the list so returned.

§ 546.200, RSMo 1969, provides in part: "The jury list, with the state's challenges indicated thereon, shall then be forthwith delivered to the defendant or his attorney, who shall thereupon announce or indicate his challenges and return the list into court . . . and the remaining twelve, or if there be more than twelve, the first twelve next remaining on the list unchallenged, shall be the jury to try the cause."

In *State v. Harris*, 356 S.W.2d 889 (Mo. 1962), the defendant sought substitution of a juror because he had inadvertently failed to peremptorily challenge one of the jurors. Our Supreme Court held there was no abuse of discretion by the trial court's denial of the request even though the state agreed to a substitution. We do not find an abuse of discretion in this case, and if in fact the defendant felt juror Stephens was prejudiced he should have tried the issue by making a challenge for cause. A defendant electing to forgo a challenge for cause is in no position to complain. *State v. Kirkpatrick*, 428 S.W.2d 513 (Mo.1968).

■ Following completion of voir dire the defendant orally moved to strike the entire jury panel on the basis that the panel was not representative or selected at random. During the course of the voir dire the defendant interrogated each of the 27 members of the panel at length. He challenged only one venireman for cause, and the court sustained this challenge. The record is devoid of any evidence to support the defendant's position that the panel was not representative or properly selected. On a challenge to the entire panel the defendant must bear the burden of proof to show it was improperly selected and not representative. *State v. Ransburg*, 466 S.W.2d 691 (Mo.1971). The fact there is a disproportionate share of certain classes on a jury panel does not meet the burden of proof. *State v. Smith*, 467 S.W.2d 6 (Mo.1971). The cases cited by defendant in his brief involve the failure of trial courts to sustain challenges for cause of individual panel members and are not applicable.

■ Defendant's remaining point is that his confession to the crime should have been suppressed and not received in evidence because it was involuntary. The able and experienced trial judge who presided conducted a *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), hearing on the voluntary nature of the confession. "Where, as here, the testimony conflicts as to whether the confession was voluntary, admission of the confession into evidence by the trial court is a matter of discretion. *State v. Pierce*, 236 S.W.2d 314 (Mo.1951)." *State v. Garrett*, 510 S.W.2d 853, 855 (Mo. App.1974). We have reviewed the evidence offered by the state and by the defendant and, giving due deference to the opportunity of the trial court to judge the credibility of witnesses [Rule 73.01(3)(b)], we find no abuse of discretion on the finding of voluntariness of defendant's inculpatory statement.

The judgment is affirmed.

All concur.