STATE of Missouri, Respondent,

v.

Larry C. WASHINGTON, Appellant.

No. KCD 28598.

Missouri Court of Appeals,
Kansas City District.

Feb. 28, 1977.

Motion for Rehearing and/or Transfer
Denied April 15, 1977.

Thomas M. Larson, Public Defender, Lee M. Nation, Asst. Public Defender, Sixteenth Judicial Circuit, Kansas City, for appellant.

John C. Danforth, Atty. Gen., J. Michael Davis, Asst. Atty. Gen., Jefferson City, for respondent.

Before SWOFFORD, P. J., and SHANGLER and DIXON, JJ.

PER CURIAM:

This is a companion case to that of *State v. Powell*, 542 S.W.2d 588 (Mo.App.1976), both of which concerned the armed robbery of the A & P grocery store at 99th and Holmes Streets in Kansas City, Missouri, on March 13, 1975, at about 8:15 p. m. The sufficiency of the evidence is not here challenged, and a recitation of the facts may be found in the *Powell* case, supra. The jury fixed appellant's punishment at 20 years upon its finding of his guilt of robbery in the first degree, and the court accordingly sentenced him to 20 years imprisonment in the Department of Corrections.

Appellant's first point is that the court erred in admitting into evidence weapons, drugs, and United States stamps recovered from the trunk of appellant's car because they were products of an illegal search and seizure in violation of the 4th and 14th amendments to the U. S. Constitution. As developed in the argument portion of the briefs, the bases for the contended illegal search and seizure are: (1) the affidavit upon which the warrant was based did not recite the requisite probable cause for its issuance; and (2) the affidavit was defective insofar as it failed to allege the time at which the crime was committed.

The application, affidavit for search warrant, and the warrant itself were produced to this court, at the request of the court, at the time of oral argument. Each document recites that the thing to be searched was a

"1967 Cadillac, Black vinyl/tan color, 4 door, hardtop, Missouri 1976 License B3P–021", and described the property to be searched for and seized: "1. Green/white check tweed two piece leasure suit; 2. Black ski mask; 3. Unknown handguns; 4. Personal I.D. of Peggy E. Polland; 5. Unknown amount U. S. Currency." As to probable cause, both the application and the affidavit set forth that the listed property to be searched for and seized, was then located upon the described thing (Cadillac car) based upon the following facts: "Larry C. Washington N/M 3–13–55 [obviously referring to his race, sex and birth date] weas arrested on 3–13–75 at 9:00 P.M. for the robbery of A & P Store, 540 W. 99th St. He was driving the vehicle to be searched when he was arrested. He has been positively identified in a line up, by two witnesses to the robbery. The 1967 Black vinyl/tan Cadillac vehicle, was seen in the A & P Lot prior to the robbery and the license number was recorded." As is apparent, these documents did not set forth the precise time that the A & P robbery occurred.

§§ 542.271, 542.276, RSMo (Laws 1974, p. 922, §§ 3, 4), govern the issuance of search warrants, and the matters to be contained in the application and supplementary affidavit therefor. § 542.276 2.(5) requires that the application "State facts sufficient to show probable cause for the issuance of a search warrant including, with respect to any *weapon*, tool, device, or substance *alleged to have been used as a means for committing a felony, the nature of such felony and the date and place thereof*; * * * ." (Italics added.)

It would be much better practice for the purpose of informing the magistrate of the existence of probable cause for the issuance of the search warrant to set forth in the application and affidavit not only the precise time of the prior robbery but also that the "unknown handguns" were used in the robbery, and other described property was taken in the robbery, all so as to comply with the requirements of the statute, supra. The facts alleged do, however, inform the magistrate sufficiently to cause

him to believe that probable cause existed: The Cadillac, seen at the scene of the robbery and its license number then recorded, is so described in the documents; importantly, appellant's arrest for the robbery on March 13, 1975, at 9:00 p. m., and the time the warrant was sought on March 14, 1975, at 12:22 a. m., are set forth; the facts that appellant was driving the Cadillac at the time of his arrest, and his identification by two witnesses to the robbery, are set forth. Thus, appellant's complicity in the commission of the crime and the use of the automobile therein, the vehicle sought to be searched were adequately presented to the magistrate.

Several cases cited by appellant speak of the crucial nature of time to the concept of probable cause. *United States v. Johnson*, 461 F.2d 285 (C.A.10th 1972); *Staker v. United States*, 5 F.2d 312 (C.A.6th 1925); *Poldo v. United States*, 55 F.2d 866 (C.A.9th 1932); *Kohler v. United States*, 9 F.2d 23 (C.A.9th 1925); and *Rosencranz v. United States*, 356 F.2d 310 (C.A.1st 1966). These cases do not have the elements of identification, description of automobile, time of arrest, and time of application of a search warrant which are present in this case as above mentioned, and thus may be distinguished. In the *Johnson* case, loc. cit. 461 F.2d 287[5, 6], in affirming the conviction, it was said, "The Commissioner should have considered all of the elements of probable cause, including the nature of the criminal activity, the length of the activity, and the nature of the property to be seized; probable cause, in turn, should have been contemplated in view of the practical considerations of everyday life. * * * The test is one of common sense." That rule of evaluating the existence of probable cause is the same in this state. *State v. Phillips*, 532 S.W.2d 533, 535[2, 3] (Mo.App.1976), and cases cited. The *Rosencranz* case involved an absence of any averment of time when the affiant received information from his anonymous informant, or as to the time when affiant detected the odor of mash, where here, the affidavit is obviously made on the peace officer's personal knowledge of the facts set forth, above outlined. None

of the cases cited by appellant is persuasive that the existence of probable cause for the issuance of a search warrant was absent in this case.

■ There exists another basis for justifying the search of the Cadillac. Under the exigent circumstances surrounding the arrest of appellant, no search warrant was required. The facts related in *State v. Powell*, supra, show that about 5 minutes after the A & P robbery, the holdup call was received by Officer Bass. He then stopped the Cadillac and appellant was arrested and a search of the Cadillac was made, except for the trunk. Appellant said he had no key to the trunk, and the car was taken to the police tow lot at 1st and Lydia, where it was searched at about 1:00 a. m. the next morning. The quantity of money, drugs, handguns, a green plaid leisure suit, stocking caps, ski masks, and two other individuals were found in the trunk. *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), controls. And see also *State v. McCarty*, 460 S.W.2d 630, 637 (Mo.1970), following *Maroney*, holding, "[T]he convertible could have been searched 'on the spot' at the place of arrest because there was probable cause to search and because of its mobility. That probable cause and the mobility of the convertible still obtained at the police station." Point I is overruled.

■ Appellant's second point is that the court erred in failing to grant a requested mistrial because witness Officer Bass injected hearsay testimony as to appellant's identification. The matter arose in this manner: "Q. Now, whose responsibility was it to obtain the search warrant? A. Mine. Q. All right. And what did you do in connection with that? MR. JOHNSON: Objection. Irrelevant. THE COURT: Objection overruled. A. After Mr. Washington had been positively identified by two of the victims in the robbery—MR. JOHNSON: Objection. Hearsay. THE COURT: Objection sustained." Counsel then moved that the court admonish the jury and for a mistrial. The court overruled the motion

for mistrial but did admonish the jury to disregard the last answer of the witness. Sustaining of the objection and instructing the jury to disregard the testimony and then refusing to grant a mistrial is not an abuse of discretion. *State v. Allen*, 343 S.W.2d 63 (Mo.1961); *State v. Humphrey*, 462 S.W.2d 804 (Mo.1971). Point 2 is overruled.

The judgment is affirmed.