**STATE of Missouri, Respondent,**

v.

**Danny Ray VOLNER, Appellant.**

**No. 39156.**

Missouri Court of Appeals,
St. Louis District,
Division One.

July 25, 1978.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, J. Michael Davis, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, David O. Fischer, Asst. Circuit Atty., Kirkwood, for respondent.

Robert C. Babione, Public Defender, Mary Louise Moran, Asst. Public Defender, St. Louis, for appellant.

CLEMENS, Presiding Judge.

Defendant Danny Volner, charged with second degree burglary as a prior felon,[1]

---

1. Although the indictment charged only one prior felony, the trial court in assessing punishment referred to four prior felonies. Defendant did not challenge the accuracy of that statement then nor does does he do so on appeal.

was found guilty by a jury and sentenced by the court to ten years' imprisonment. Defendant appeals, conceding his guilt, but contending the court erred in assessing the ten-year penalty "because the court would have honored the plea bargain in which the prosecution recommended five and one-half years" and the sentence imposed "is in effect a punishment for his exercise of his constitutional right to a trial . . . ." The assertion as to what sentence the court would have imposed on a plea of guilty is purely conclusory, without support in the record.

The first transcript reference to a plea bargain came after the jury panel had been sworn for voir dire. At the bench, defense counsel then told the court she wanted to make a record "to protect" herself. She said the state had offered on a plea of guilty to recommend a five-and-a-half-year sentence, which she considered "a fair offer," but that defendant had rejected the offer and stood on his not-guilty plea. The court's response indicated it knew the state had previously intended to recommend five-and-a-half years' imprisonment on a plea of guilty. Contrary to defendant's argument, however, the record is barren of any indication—or even any inference—the court had participated in the plea bargaining or had indicated any intention of imposing the recommended sentence on a guilty plea.

Defendant now relies on *North Carolina v. Patton,* 4 Cir., 381 F.2d 636, holding that for a court to impose greater punishment after trial *than it would have imposed* on a guilty plea exacted an unconstitutional condition to exercising his right to a fair trial. That ruling is not in point because it assumes the court offered to impose a lesser punishment on a plea of guilty. Defendant's basis for argument here is the state's proposed offer, not a pre-trial commitment by the court. To the contrary, the record is barren of any showing to support defendant's contention the sentence imposed was "a punishment imposed on [defendant] for asserting his right to a trial."

Defendant also relies on *State v. McRae,* 528 S.W.2d 794 (Mo.App.1975), implying judicial prejudice may suffice to challenge a maximum sentence. We find no basis for defendant's contention of judicial prejudice. Defendant further cites *United States v. Wiley,* 267 F.2d 453 (7th Cir. 1959), criticizing the trial court's statement that ". . . once a defendant stands trial that element of grace [probation] is removed . . . in the imposition of sentence." The decision is patently inapposite.

The trial record here is barren of any indication the trial court was influenced by knowledge of the state's offered recommendation, nor was there any indication the court was retaliatory in imposing sentence. Furthermore, as stated in *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 665, 54 L.Ed.2d 604 (1978), ". . . in the give-and-take of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer."

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur