Larry COWDEN, Plaintiff-Appellant,

v.

SUN OIL COMPANY OF PENNSYLVA-
NIA, a corporation, Defendant-Respon-
dent.

Nos. 39843, 39844.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 15, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 15, 1979.

Gary H. Sokolik, Perry, for plaintiff-appellant.

Michael P. Riley, Carson, Monaco, Coil & Riley, Jefferson City, John W. Briscoe, New London, for defendant-respondent.

DOWD, Presiding Judge.

An action for alleged misrepresentation in the inducement of a lease and dealer's agreement. Plaintiff sought actual and punitive damages. A jury in the Circuit Court of Ralls County awarded plaintiff $5,000 for actual damages. The trial judge refused to submit the issue of punitive damages to the jury. Both sides appeal. We affirm.

In the present case, plaintiff, Larry Cowden, sought to purchase the inventory and assets of Mikes D–X Service Station, operated by Mr. Mike Berhager, and located at the juncture of Route C and Missouri Highway 19, in Center, Missouri. LeArCoe Corporation owned the station and leased it to defendant, Sun Oil Company of Pennsylvania. After Mr. Berhager expressed a desire to sell his interest in the station, plaintiff entered into negotiations with Park Gray, district manager for defendant.

At a meeting on March 1, 1975, Mr. Gray presented plaintiff with five or six documents, including a real estate lease, a dealer's agreement, and a disclosure statement. The disclosure statement was delivered to plaintiff before the lease and dealer's agreement were signed. All the documents were prepared by defendant. At this meeting, Mr. Gray, as agent for defendant, and Mr. Cowden, signed the lease and dealer's agreement. Plaintiff began operating the station two days later.

The disclosure statement requested: "Any legally binding commitments for the sale or demolition or other disposition of the location". Defendant's typed answer to this request was: "Sun Oil Company holds subject station by lease. Lease expires 10/1/91." Defendant actually had a lease for the subject property with LeArCoe Corporation from October 1, 1966 through October 1, 1976, with an option for three additional, separate, successive five year periods. Defendant's lease with LeArCoe would expire October 1, 1991 if it had exercised its options.

Plaintiff's lease with the defendant ran from March 1, 1975, through March 1, 1976, and from year to year thereafter unless either party gave 60 days notice to terminate. Either party could have terminated the lease as of August 31, 1975, with 60 days notice. The lease also contained a clause stating that if defendant's right to title or possession of the subject property ceased, for any reason, the lease automatically terminated.

In a letter dated September 1, 1976, defendant notified LeArCoe Corporation that it was not going to exercise its option on their lease. Plaintiff testified that it was approximately September 28 or 29, 1976 before he learned defendant's lease would expire on October 1, 1976. Plaintiff obtained a 30 day extension to sell his inventory and ceased doing business as of October 31, 1976.

Plaintiff instituted this action seeking actual damages of $135,537.93, for lost profits on inventory, interest expenses, and future profits. He also sought punitive damages of $250,000. Plaintiff alleges that the defendant induced him into entering the real estate lease and dealer's agreement by intentionally misrepresenting, in the disclosure statement, the length of its lease with LeArCoe Corporation.

During the trial, at the conclusion of plaintiff's case, defendant presented the court with two motions; one for a directed verdict generally and one for a directed verdict on the issue of punitive damages. The court denied defendant's directed verdict but granted the directed verdict on the issue of punitive damages.

The jury entered a verdict in favor of plaintiff in the sum of $5,000 actual damages and judgment was ordered in accordance.

After judgment was entered for plaintiff, defendant moved the court for a judgment notwithstanding the verdict and to order a verdict for the defendant. The trial court denied defendant's motion.

Both plaintiff and defendant filed notices of appeal. On court's own motion, the two appeals were consolidated under Cause No. 39843.

■ Defendant, Sun Oil Company, filed no brief in support of its appeal. Defendant only filed a respondent's brief in answer to the appellant's brief of plaintiff. Thus, defendant abandoned its appeal and its appeal is dismissed. Rule 84.04(j) VAMR. *See, White v. Robertson-Drago Funeral Home, Inc.*, 552 S.W.2d 47[2] (Mo.App.1977).

■ At the trial, the court limited plaintiff to arguing future lost profits and interest expenses up to March 1, 1977, the day plaintiff's second year to year term would have expired if defendant had exercised its option. On appeal, plaintiff claims this limitation as error and argues that he is entitled to interest expenses up until the time of trial (September 8, 1977) and future profits until 1991, the date defendant represented that its lease expired. We disagree.

In the present case, the trial court did not err in limiting plaintiff to arguing lost profits and interest expenses incurred prior to March 1, 1977. Plaintiff had a year to year lease with defendant on the subject property. The lease which began March 1, 1975, would be renewed automatically for one year each March 1st, unless either plaintiff or defendant gave 60 days notice of termination. Thus on March 1, 1976, when neither plaintiff nor defendant had given prior notice of termination, plaintiff's legal interest in the station extended until March 1, 1977. On September 28 or 29, 1976, when plaintiff received notice that defendant had not exercised its option with LeArCoe Corporation and that he had to vacate the premises, plaintiff had a valid contractual right to operate the station until March 1,

1977. However, plaintiff at this time, based on his lease and dealer's agreement with defendant, had no legally enforceable right to operate the station past March 1, 1977. The court properly limited plaintiff's profits and interest to March 1, 1977. 49 Am.Jur.2d § 69.

■ Plaintiff also raises as error the trial court's order directing a verdict for defendant on the issue of punitive damages. Under the agreement between plaintiff and defendant, as evidenced by their lease and dealer's agreement, plaintiff had no enforceable expectation of relief beyond an action based on a year to year lease. Even though defendant represented that its lease with the owner expired in 1991, it only gave plaintiff a year to year lease. Defendant did not represent that it would extend plaintiff's lease until 1991. The court properly directed a verdict for defendant on the issue of punitive damages.

Plaintiff also raises as error the trial court's admission into evidence of defendant's exhibit 1, an inventory of merchandise from plaintiff's station. The inventory was taken by representatives of defendant along with plaintiff. Defendant used this exhibit to impeach plaintiff's testimony concerning the amount of actual damages he suffered.

■■ On appeal, plaintiff claims this evidence is prejudicial hearsay and thus inadmissible. However, when defendant introduced the exhibit into evidence, plaintiff objected on the ground that, "this is plaintiff's case". The point is not preserved. Plaintiff may not alter or broaden the scope of his objection on appeal. *State v. Gilbert*, 544 S.W.2d 595[3], (Mo.App.1976); *State v. Blankenship*, 536 S.W.2d 520[5], (Mo.App. 1976).

■ Plaintiff claims that even if the objection were improperly preserved, the admission of defendant's exhibit 1 was so prejudicial that it should be considered as plain error. "The plain error rule 'may not be invoked to excuse mere failure to timely and properly object.'" *Brown v. Boyd*, 422 S.W.2d 639, 643 (Mo.1968). The plain error rule may only be resorted to in the exceptional case where the reviewing court

deems that a manifest injustice has occurred. *Birmingham v. Coer*, 320 S.W.2d 509 (Mo.1959). We find no basis for invoking the plain error rule.

Plaintiff claims that the trial court erred by abusing its discretion when it threatened to declare a mistrial if plaintiff did not introduce into evidence his 1976 Federal Income Tax Return. The defendant had subpoenaed the return, but the sheriff served the subpoena on plaintiff's wife, instead of plaintiff, to whom it was directed. The trial court ordered the return, which was in the court room, to be submitted into evidence. Plaintiff objected to the admission of the tax return into evidence on the ground that "defendant can not enter evidence in the plaintiff's case." Plaintiff's contention here is different than the objection made at trial and is therefore not preserved. *State v. Gilbert, supra; State v. Blankenship, supra.* However, we also find no abuse of discretion by the trial judge.

Judgment affirmed.

WEIER, C. J., and CRIST, J., concur.