STATE of Missouri, Respondent,

v.

Michael CAMPBELL, Appellant.

No. 41803.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 29, 1980.

Robert C. Babione, Public Defender, Mary Louise Moran, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Michael A. Scearce, Asst. Attys. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of burglary in the second degree. Punishment was assessed under the Second Offender Act at ten years imprisonment. We affirm.

■ Defendant contends the trial court imposed a greater sentence after trial than would have been imposed after a guilty plea. He was thereby punished for exercising his right to a jury trial. We disagree.

During trial, defendant's lawyer noted for the record that the state had previously offered to recommend five years if defendant would plead guilty. Defendant rejected that offer and went to trial. After the guilty verdict was returned, the prosecutor advised the court that a pre-trial offer of five years had been made. The court assessed punishment at ten years and ordered a pre-sentence investigation. After receiving the pre-sentence report, the court sentenced defendant to ten years—the maximum time allowed under the statute.

There is no indication in the record that the trial judge would have accepted the recommendation of the prosecutor if the defendant had pled guilty. The record does not show the court participated in the plea negotiations. There is nothing in the record to indicate the sentence imposed was given to punish defendant for not pleading guilty. *State v. Volner,* 569 S.W.2d 781, 782 (Mo.App.1978).

■ Defendant contends it was error for the trial court to deny a pre-trial motion limiting the state's cross-examination of defendant if he chose to take the witness stand on his own behalf. The motion would have prevented inquiry into defendant's prior conviction. Defendant alleges that he had to give up his right to testify on his own behalf in order to preserve his right against self-incrimination. This contention was laid to rest in *State v. Toliver,* 544 S.W.2d 565, 568 & 569 (Mo.banc 1976) and *State v. Warden,* 591 S.W.2d 170, 171 & 172 (Mo.App.1979).

■ Defendant's final contention is that the trial court gave an improper verdict directing instruction. This instruction followed the approved form of MAI–CR 7.32 except the word "that" was omitted and two extra words were added in the conjunctive. The instruction should have read:

"Third, *that* at that time *goods* were kept therein, . . ." (Emphasis added.)

or

"Third, *that* at that time *wares* were kept therein, . . ." (Emphasis added.)

or

"Third, *that* at that time *merchandise* was kept therein, . . ." (Emphasis added.)

The instruction actually read:

"Third, _____ at that time *goods, wares* and *merchandise* were kept therein, . . ." (Emphasis added.)

The deletion of the word "that" could not have misled or confused the jury. The meaning of the sentence was unchanged. This deviation was erroneous but minor. Minor deviations which do not confuse or mislead the jury are non-prejudicial error. *State v. Netzer,* 579 S.W.2d 170, 175 (Mo. App. 1979).

The conjunctive addition of "wares and merchandise" placed a greater burden on the state. Instead of proving that either goods *or* wares *or* merchandise were taken, the instruction as given required the state to prove that goods *and* wares *and* merchandise were taken. The defendant was not prejudiced by this deviation from MAI–CR 7.32 but rather was benefited. Also, the instruction was "[neither] an improper statement of the law [nor] a positive misdirection." *State v. Lowery*, 565 S.W.2d 680, 683–684 (Mo.App. 1978).

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.