STATE of Missouri, Respondent,

v.

Rollan Anthony WILLIAMS, Appellant.

No. 61595.

Supreme Court of Missouri,
Division No. 1.

Oct. 15, 1980.

Rehearing Denied Nov. 12, 1980.

Michael J. Gorla, Clayton, for appellant.

Lew A. Kollias, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT R. WELBORN, Commissioner.

A jury in the St. Louis County Circuit Court found Rollan Anthony Williams guilty on two counts of robbery in the first degree and two counts of armed criminal action. The court, acting under the Second Offender Act, sentenced the defendant to life imprisonment on each of the four counts, the sentences to run concurrently. This appeal followed.

The state's evidence showed that, on April 28, 1978, at around 6:45 P.M., Williams entered Hartwig's Tavern in Creve Coeur, St. Louis County, took a seat at the bar and was served a bottle of Budweiser beer. A short time later a second person entered the tavern and requested and was served a glass of water at the bar. Williams ordered a second beer and after he had been at the bar for about 15 minutes, he and the man to whom the water had been served pulled pistols and announced a holdup to the bar manager and other customers. Money belonging to the tavern owner was taken and the billfolds of at least two customers.

On May 18, 1978, Williams was arrested for the robbery and identified at a line-up by the bar manager. The bar manager identified Williams at his trial. Fingerprint technicians found Williams's palm print on

one of the beer bottles from which he drank at the tavern.

Williams was charged with robbery in the first degree. One count was directed at the taking of the tavern money, the second at the taking of a customer's wallet and money. A charge of armed criminal action was filed to each of the two robbery counts.

Williams offered two witnesses who testified to an alibi. The jury found the defendant guilty of each of the four counts.

In this Court, appellant complains of the trial court's refusal to allow his attorney to amend his peremptory challenges after he advised the court that he had incorrectly transcribed the strikes from his list to the list given to the bailiff. Appellant complains that the court's ruling denied appellant his statutory right to exercise of his peremptory challenges.

Appellant's brief states that the error involved came to his attention when Venireman McKenna was instructed by the bailiff to take seat No. 2 in the jury box. The brief states that appellant had intended to strike McKenna and that his attorney immediately notified the court of his mistake. However, the transcript which must be the basis for this Court's review shows that 12 jurors and one alternate were seated and that defense counsel thereafter advised the court of his error, that he had intended to strike McKenna and " * * * that because of the error on my part I didn't write it down on my list and consequently I strike an extra person." He requested leave of court to amend his strike to remove McKenna and to take off one of the strikes he had given the bailiff. The court overruled the request.

■ A request to permit amendment of peremptory strikes before a jury is sworn is addressed to the trial court's discretion. *State v. Brown*, 554 S.W.2d 574, 578[7] (Mo. App.1977); *State v. Blankenship*, 536 S.W.2d 520, 521–522[7] (Mo.App.1976); *State v. Harris*, 356 S.W.2d 889, 890–891[2] (Mo.1962).

■ Appellant has shown no abuse of discretion in this situation. Although the record indicates that the jurors not selected had not been excused, contrary to the situation in *Harris*, the trial court's ruling is not for that reason an abuse of discretion. In view of the timing of the request as shown by the transcript, the trial court might well have felt that a change at that juncture would have presented problems. Appellant's complaint is that the trial court's action denied him the right to make his peremptory challenges as he saw fit. However, he acknowledges that he can demonstrate no prejudice as a result of the court's ruling. He acknowledges that there was no basis for a challenge for cause against McKenna and relies upon a feeling, based on voir dire, that McKenna would not be a favorable juror. Appellant's cases involving the seating of a juror who should have been disqualified for cause are not in point.

No abuse of discretion and no prejudice having been demonstrated, this claim of error is rejected.

■ Appellant complains of the trial court's denial of his request for a mistrial because a police officer testified that a woman (presumably the tavern manager) picked appellant out of a line–up. Objection to the testimony was promptly sustained and the jury instructed to disregard it but the request for a mistrial was denied. Appellant contends that *State v. Degraffenried*, 477 S.W.2d 57 (Mo.1972), and *State v. Johnson*, 538 S.W.2d 73 (Mo.App.1976), required a mistrial because of this testimony.

*Johnson* applied the *Degraffenried* test for determining the prejudicial effect of the erroneous admission of testimony. The question here is whether *Degraffenried* required a declaration of a mistrial because the testimony had been heard by the jury.

*Degraffenried* is distinguishable because the objection was overruled to the police officer's testimony regarding a state's eye-witness's line–up identification of the defendant. Although under *Degraffenried* the fact that the eyewitness herself had previously testified to her line–up identification of the defendant would not necessar-

ily have rendered the officer's testimony harmless error had it been allowed to stand, over objection, the trial court could properly take that fact into consideration in determining the corrective measure called for. Given the drastic nature of the remedy of a mistrial, *Degraffenried* does not require a mistrial on every case where such testimony slips into a trial. A proper exercise of discretion is still allowed insofar as declaring a mistrial is concerned and the trial court here did not abuse its discretion. See *State v. Brown*, 528 S.W.2d 503, 506[7] (Mo. App.1975); *State v. Washington*, 549 S.W.2d 547–549[3] (Mo.App.1977).

■ Appellant contends that he was unconstitutionally penalized for exercising his right to a jury trial in that the court, on the state's recommendation, imposed four life sentences, whereas the state, prior to trial, had offered a sentence of four 15–year terms in return for a plea of guilty. Appellant relies upon *People v. Dennis*, 28 Ill. App.3d 74, 328 N.E.2d 135 (1975), as closely paralleling his case. In *Dennis*, in pretrial plea bargaining, participated in by the court with full knowledge of the defendant's past record and the state's pending case, the court had stated its willingness to accept the state's recommendation of a two to six–year sentence in return for a guilty plea. The defendant rejected that offer and when found guilty on a jury trial, the court, following the state's recommendation, imposed a 40 to 80–year sentence. Upon post–conviction review, the court upheld the defendant's contention that the heavier sentence had been imposed for the defendant's exercise of his right to jury trial. The court noted the absence of anything in the record to justify the heavy sentence imposed.

The distinguishing feature between that case and this is the judge's participation in the plea bargaining in *Dennis*. In this case, the trial judge was not a party to the plea bargaining. The fact that his sentences coincided with the state's recommendation does not charge him with responsibility for or approval of the pre–trial offer. *Dennis* recognizes the distinction between this situation and that presented in *Dennis* and notes that " * * * a mere disparity between the sentence offered during plea bargaining and that ultimately imposed, of itself, * * " does not provide a basis for relief. 328 N.E.2d 138[5].

Appellant has not demonstrated that the trial court's sentence was retaliatory for the defendant's exercise of his right to trial by jury. *State v. Volner*, 569 S.W.2d 781 (Mo. App.1978).

Under *Sours v. State*, 593 S.W.2d 208 (Mo. banc 1980); vacated, *Missouri v. Sours*, 446 U.S. 962, 100 S.Ct. 2935, 64 L.Ed.2d 820 (1980); on remand, *Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980), the convictions for armed criminal action cannot stand.

Judgment affirmed as to counts I and III; reversed as to Counts II and IV.

MORGAN, J., concurs.

DONNELLY, J., concurs in separate concurring opinion filed.

RENDLEN, P. J., concurs in result.

DONNELLY, Judge, concurring.

Few would contend that the position of the United States Supreme Court, reference the National Double Jeopardy Clause, is presently coherent. *See* Westen and Drubel, *Toward a General Theory of Double Jeopardy; 1978 The Supreme Court Review* 81 (Chicago: The Univ. of Chicago Press, 1979).

In this circumstance, the attempt of the majority in *Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980) to follow the twists and turns of the United States Supreme Court in this area of the law is almost masochistic. In *North Carolina v. Butler*, 441 U.S. 369, 376, 99 S.Ct. 1755, 1759, 60 L.Ed.2d 286 (1979) the Court stated that it will "accept whatever construction of a state constitution is placed upon it by the highest court of the State."

*First,* I would disentangle and hold:

(1) That Mo.Const. art. I, § 19 proscribes a second prosecution for the same offense after acquittal.

(2) That to cause a person to be twice prosecuted for the same offense after conviction is to deprive that person of due process of law. Mo.Const. art. I, § 10.

(3) That to cause a person to be twice punished for the same offense is to deprive that person of due process of law. Mo. Const. art. I, § 10.

*Second,* I would implement (1) and (2), *supra,* by applying Mr. Justice Brennan's "same transaction" test and require "the prosecution, except in most limited circumstances, to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." *Ashe v. Swenson,* 397 U.S. 436, 453, 454, 90 S.Ct. 1189, 1199, 25 L.Ed.2d 469 (1970). (Brennan, J., concurring). *See also* ALI, Model Penal Code, Proposed Official Draft §§ 1.07, 1.08, 1.09 (1962).

*Third,* I would implement (3), *supra,* by proscribing punishment in excess of what the Missouri General Assembly intended.

I concur under the compulsion of *Sours, supra.*