**Michael B. CAMPBELL, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 45981.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 20, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 15, 1983.

Michael Lee Henderson, P.D., Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Greene, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Movant Michael B. Campbell, hereafter "defendant", appeals the summary denial of his Rule 27.26 motion. He had been jury-convicted of burglary and as an habitual criminal was sentenced to ten years in prison. That judgment was affirmed. See *State v. Campbell*, 603 S.W.2d 86 (Mo.App. 1980).

Here defendant contends he was entitled to an evidentiary hearing on his motion. He charged ineffective counsel on two grounds. First, failure to seek an instruction on circumstantial evidence. Second, failure to object to a variance between the information and the verdict-direction instruction. These in turn.

■ As to both points we note that to prevail on a claim of ineffective assistance of counsel a defendant must show he was prejudiced by his attorney failing to exercise the customary skill and diligence a reasonably competent attorney would perform under similar circumstances.

As to a circumstantial evidence instruction we note that during the instruction conference defense counsel stated she had considered MAI–CR 3.42 and decided not to offer it. This was a strategic decision. Notes to that instruction say it is discretionary. And, counsel is presumptively competent. *Cox v. State*, 572 S.W.2d 631 [3–4] (Mo.App.1978).

Further, alleged errors concerning instructions are trial errors generally immune from collateral attack. *Jackson v. State*, 558 S.W.2d 816[4–9] (Mo.App.1977).

We deny defendant's initial point and consider his claim trial counsel was ineffective in failing to object to the variance between the information and verdict director.

The information charged burglary by defendant acting with another but the verdict director allowed conviction if defendant either acted alone or with another.

■ There was no evidence defendant acted with another, only that he acted alone. We see no prejudice here because an information may charge a defendant either as principal or an aider with the same legal effect. Thus, the words "acting with another" informed defendant of the charge against him.

■ Further, as we held in *Henderson v. State*, 546 S.W.2d 546 (Mo.App.1977), where a defendant only charges variance between the indictment and proof, "This is not a jurisdictional question and cannot be raised for the first time in a Rule 27.26 proceeding."

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.