Teresa FORD, Claimant/Respondent,

v.

**WAL–MART ASSOCIATES, INC.,**
**Employer/Appellant,**

and

**Insurance Company of the State of Pennsylvania c/o Claims Management, Inc., Insurer/Appellant.**

**Nos. ED 84455, ED 84468.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 1, 2005.

Julie L. Petraborg, Maurice D. Early, Simon and Early, P.C., St. Louis, MO, for appellant.

David S. Schmidt, O'Fallon, MO, for respondent.

KATHIANNE KNAUP CRANE, Judge.

In this worker's compensation case, employer, Wal–Mart Associates, Inc., and insurer, Insurance Company of the State of Pennsylvania, appeal[1] from the final award of the Labor Industrial Relations Commission (Commission) allowing compensation and modifying the award and decision of the Administrative Law Judge (ALJ), with one member concurring in a separate opinion.[2] The ALJ had found claimant permanently and partially disabled, but denied claimant's request pursuant to Section 287.510 RSMo (2000) to double the temporary award previously made for noncompliance. The Commission modified the award to impose the penalty of doubling the temporary award because employer had not paid $21,445.27 of claimant's medical bill, which caused the treating physician to refuse to provide claimant with further medical services. Employer and insurer assert that the Commission erred in doubling the temporary award because, they argue, they complied with the temporary award, and the unpaid medical bill was a legitimate fee dispute not involving claimant or causing her detriment. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 10, 1998, while claimant was lifting boxes to stock shelves in employer's automotive service department, she felt pain and heard her back "pop." She notified her supervisors and, because the pain continued, she began treatment with her own physician, Peter Montgomery, M.D., the next day. Employer subsequently authorized her to see Frank Petkovich, M.D.

On June 24, 1998 claimant filed a claim for compensation. On July 27, 1999, the ALJ entered a Temporary or Partial Award finding claimant entitled to temporary total disability payments from June 11, 1998 and continuing for as long as the condition continues. The award ordered medical treatment in the following language:

Section 287.140 RSMO provides that the employer shall provide such medical treatment as may reasonably be required after the injury or disability to cure and relieve from the effects of the injury. The claimant need not present conclusive evidence of the need for future medical treatment; claimant need only show the need as a matter of "reasonable probability". *Tate*, at p. 329. The testimony of Dr. Petkovich and Dr. Mirkin is persuasive as a matter of reasonable probability that Ms. Ford is in need of such medical care as may cure and relieve of the effects of her work injury. The employer is to provide such treatment consistent with the recommendations of Dr. Petkovich.

In compliance with the temporary award, employer and insurer authorized Dr. Petkovich to perform an anterior lumbar discectomy at L5–S1 of the lumbar spine, and a fusion of L5 and S1 with two cages and bone grafting from the iliac crest on August 30, 1999. A second fusion was performed on April 13, 2000.

---

1. Claimant also filed a notice of appeal, but has not asserted any points of error in her brief. Her brief solely responds to employer and insurer's brief. Her cross-appeal is therefore deemed abandoned. Rule 84.05;

*Cowden v. Sun Oil Co. of Pennsylvania,* 583 S.W.2d 547, 549 (Mo.App.1979).

2. The concurring member would have also awarded attorney's fees to claimant.

On June 28, 2000, Dr. Petkovich filed an Application for Payment of Additional Reimbursement of Medical Fees pursuant to 8 CSR Section 50-2.030. Dr. Petkovich's bill for services rendered for claimant's injury totaled $32,181.10. Employer paid $10,735.83, leaving a balance of $21,445.27.

Dr. Petkovich examined claimant several times after the April 13, 2000 fusion. On October 24, 2000, he concluded that claimant had reached maximum medical improvement (MMI).

In August, 2001, claimant experienced an increase in back pain. Dr. Theodore Rummel, an orthopedic surgeon who had performed surgery on claimant's arms, advised her to return to Dr. Petkovich. On August 15, 2001, claimant's attorney made a written request to employer to authorize claimant to see Dr. Petkovich. In addition, on August 24, 2001, claimant's attorney sent her to J.H. Morrow, Jr., D.O. who also determined that claimant was at MMI. On September 11, 2001, claimant was treated by her primary physician, Dr. Montgomery, who advised her to return to Dr. Petkovich.

In December, 2001, claimant's attorney received a verbal authorization from employer for additional treatment from Dr. Petkovich, which he relayed to claimant. Claimant scheduled a visit for January 16, 2002. However, on January 15, 2002, Dr. Petkovich's office sent claimant's attorney a facsimile transmission advising that Dr. Petkovich would not see claimant again until his balance was paid in full. Claimant reported to Dr. Petkovich's office for her scheduled visit, but was also told she would not be seen because her bill had not been paid.

Prior to the hearing on the final award, claimant filed a request for a penalty under Section 287.510 RSMo (2000) for employer's failure to pay Dr. Petkovich. Employer requested that Dr. Petkovich's claim and the issue of the reasonableness of his fees be heard in a separate proceeding from the hearing on the final award. The ALJ found that claimant had an interest in the issue because of her request for a penalty and denied employer's request for a separate hearing. This issue was included at the final hearing held on January 7 and March 11, 2003.

At the final hearing, Dr. Petkovich testified that at the time he saw claimant on October 24, 2000, he determined that she would not need any further orthopaedic care unless she developed additional problems, but that she would need intermittent analgesics in the future for her lower back pain. He concluded that she suffered from persistent pain that would continue. At the time of the hearing he believed that claimant's pain would be a permanent condition. Dr. Petkovich testified that, if claimant was experiencing severe back pain on January 16, 2002, he would have recommended that she be seen by him.

Prior to the entry of the final award by the ALJ, employer paid the outstanding balance on Dr. Petkovich's bill and Dr. Petkovich withdrew his Application for Payment. Accordingly, in his final award, the ALJ did not rule on the merits of the fee dispute. The ALJ found that claimant was permanently and totally disabled. The ALJ also found that the employer and insurer need to provide ongoing analgesics for pain as recommended by Dr. Petkovich. However, he denied claimant's requests for attorney's fees, costs, and a double award under Section 287.510 RSMo (2000).

Both claimant and employer requested review by the Commission. The Commission affirmed the ALJ's award and decision allowing compensation for the permanent total disability, but modified the ALJ's award by doubling the award for

noncompliance under Section 287.510 RSMo (2000). The Commission found that a temporary or partial award must be complied with until a final award is issued. It determined that employer and insurer's failure to pay the outstanding balance owed to Dr. Petkovich resulted in the denial of treatment to which claimant was entitled under the temporary award. As a result, the Commission ordered employer and insurer to pay $57,522.39 as a penalty.

## DISCUSSION

■ For their sole point on appeal, employer and insurer contend that the Commission abused its discretion in doubling the temporary award. They argue that they fully complied with the temporary award and that they were not required to provide medical treatment after claimant had reached MMI. They also argue that the unpaid balance of Dr. Petkovich's bill was a legitimate fee dispute that did not involve claimant or affect her benefits under the award.[3]

■ The Commission has the discretion to impose a penalty pursuant to section 287.510 RSMo (2000). We will not interfere unless it appears that the action of the Commission was clearly arbitrary and constituted an abuse of discretion. *Negri v. Continental Sales & Service*, 139 S.W.3d 565, 570 (Mo.App.2004).

■ Section 287.510 provides employees with the remedy of a double award when an employer does not comply with a temporary or partial award of compensation under the workers' compensation act, and medical bills are not paid. The statute provides:

In any case a temporary or partial award of compensation may be made, and the same may be modified from time to time to meet the needs of the case, and the same may be kept open until a final award can be made, and if the same be not complied with, the amount thereof may be doubled in the final award, if the final award shall be in accordance with the temporary or partial award.

Section 287.510 RSMo (2000). A penalty may be awarded under this statute when an employer has not paid medical bills and has refused to pay, claiming non-responsibility. *Hendricks v. Motor Freight Corp.*, 570 S.W.2d 702, 710 (Mo.App.1978).

■ The fact that claimant had been assessed at MMI did not terminate employer and insurer's responsibility for claimant's treatment under the temporary award. In the temporary award, the ALJ ordered employer to provide "such medical care as may cure and relieve of the effects of the work injury." Section 287.140.1 "entitles the worker to medical treatment as may reasonably be required *to cure and relieve from the effects of the injury.*" *Mathia v. Contract Freighters, Inc.*, 929 S.W.2d 271, 277 (Mo.App.1996). This includes "treatment 'which gives comfort [relieves] even though restoration to soundness [cure] is beyond avail.'" *Id.*, quoting *Williams v. A.B. Chance Co.*, 676 S.W.2d 1, 4 (Mo.App.1984). Accordingly, a finding of MMI is "not inconsistent with the need for future medical treatment." *Id.* at 278. The Commission may not deny future medical treatment to relieve a claimant's pain because a claimant may have achieved MMI. *Kaderly v. Race Brothers Farm Supply*, 993 S.W.2d 512, 517 (Mo.App. 1999). Employer and insurer were not excused from continuing to provide medi-

---

**3.** Separate issues should be stated in separate points. *Chancellor Development Co. v. Brand,* 896 S.W.2d 672, 674 (Mo.App.1995).

cal treatment to claimant to relieve her pain after she reached MMI.

Employer's failure to pay the fee jeopardized benefits to which claimant was entitled. Claimant was deprived of additional treatment to relieve her pain as a result of employer and insurer's failure to pay Dr. Petkovich's bill.

■ Employer and insurer also contend that the Commission erred because Dr. Petkovich's unpaid bill was a legitimate fee dispute that did not involve claimant. They argue that the fee dispute should not have been made part of claimant's final hearing and the fee dispute should not have been considered an act of non-compliance. The only authority cited for this argument is a quoted statement purportedly taken from 8 CSR 50–2.030.

The quoted language on which employer and insurer rely is not contained in 8 CSR 50–2.030. We will not search other legal authorities or the record for other authority supporting this claim. Since this is the only legal authority cited in support of this argument, we deem the argument abandoned. *Jordan v. Stallings*, 911 S.W.2d 653, 660 (Mo.App.1995).

The Labor and Industrial Relations Commission did not abuse its discretion in imposing the penalty under section 287.510 RSMo (2000). The Commission's award is affirmed.

PATRICIA L. COHEN, P.J. and ROBERT G. DOWD, JR., J., concur.