THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD HINES, Defendant-Appellant.

(No. 60687; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

First District (4th Division)—November 12, 1975.

Paul Bradley and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, John T. Theis, and Eugene J. Rudnik, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Richard Hines, was charged by indictment with two counts of aggravated battery. The first count accused him of violating section 12—4(a) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 12—4(a)) in that he intentionally and knowingly caused great bodily harm to an individual. The second count charged him with the same offense but committing it by use of a deadly weapon in violation of section 12—4(b)(1) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 12—4(b)(1).) After a bench trial, he was found guilty on both counts and sentenced to serve two concurrent sentences of three to six years. On appeal, the defendant contends that he was (1) denied effective assistance of counsel and (2) one of his two convictions should be reversed since he was improperly convicted and sentenced on two counts of aggravated battery in that both charges stemmed from the same conduct. The State concedes this latter contention and we therefore reverse count I, vacate the sentence imposed thereon and confine our review to the issue of competency of counsel.

A review of the record indicates that during the late evening hours of August 27, 1971, the defendant shot one Joseph Begani three times in the Columbus Park Hotel, located at 311 N. Central Avenue in Chicago. At the trial, Begani testified that he went to the hotel to visit a friend, who resided on the second floor. Upon discovering that his friend was not home, he departed via a side stairway that led outside the building. As he stepped outside the building on to the second floor landing, he was confronted by the defendant who pointed a gun at him and told him to "hold it." When he refused to heed such instructions, the defendant shot at him, striking Begani in the thigh, stomach and left shoulder. Despite incurring such wounds, Begani was able to leave the building and drive his car about a block before losing consciousness. He was subsequently taken to a hospital where he underwent surgery and remained there for ten or eleven days.

James Sesso, the Chicago police investigator assigned to this case, was next to take the stand. He testified that subsequent to speaking to Begani in the emergency room of the hospital, about 1 a.m., shortly after the shooting, he proceeded to the hotel where he discovered fresh bloodstains on the wall adjacent to the one-room apartment occupied by the defendant. When he knocked on the defendant's door, a female named Toni Johnson opened it and ushered him into the room in which the defendant was also present. Upon inquiry by Sesso as to whether he heard any shots, the defendant replied in the affirmative, but indicated he was in another room with Eugene Brown and Helen Williamson when the shots were fired. When asked if he possessed a gun, the defendant responded in the negative, but, after receiving the defendant's consent to search the room, Sesso uncovered a chrome-plated .22-caliber revolver beneath the defendant's pillow. The gun, which the defendant admitted was his, contained four spent shell casings and two live cartridges. After ascertaining that the gun was not registered, Sesso placed the defendant under arrest, advised him of his rights and accompanied him to the police station. At the station, the defendant was again apprised of his rights and, after being informed that Williamson and Brown denied that he was in their room when the shots were fired, he signed a statement in which he not only admitted shooting Begani, but described the circumstances leading up to the confrontation.

The defendant took the stand in his own defense and explicated the events surrounding the instant controversy in a manner analagous to the account delineated in his signed statement. He testified that on the night in question, another resident of the building informed him of noises on the fire escape. After getting his gun, the defendant went out on to the fire escape to investigate when a white man suddenly jumped from the

roof directly behind him. The defendant turned around and asked the man to back off and, when the man advanced towards him, the defendant pulled the trigger of the gun which initially misfired but subsequently fired. The defendant admitted on cross-examination that the other individual was Begani and further stated that Begani neither physically struck him nor possessed any weapon.

Upon completion of the defendant's testimony, defense counsel moved for a mistrial on the ground that the State failed to comply with discovery. The motion, which included as one of its reasons the failure of the State to make available a written statement of Toni Johnson that was favorable to the defense, was denied as well as a motion for a continuance. After the defense rested, the State offered on rebuttal and the trial court, over objection, received in evidence a certified copy of a 1964 robbery conviction of one William Carpenter, an alias which the defendant admittedly used in that year.

■■ While a defendant's right to assistance by counsel is not satisfied by the mere formality of an appointment of an attorney by the court (*People v. De Simone*, 9 Ill.2d 522, 524, 138 N.E.2d 556, 557), such attorney is not expected nor does due process require that he be infallible. (*E.g., People v. Rogers*, 23 Ill.App.3d 115, 117, 318 N.E.2d 715, 717; *People v. Holmes*, 17 Ill.App.3d 102, 105, 307 N.E.2d 776, 779.) The constitutional requirements of adequate representation are not met only when the defendant demonstrates (1) actual incompetence of counsel, as reflected in the manner in which his court-appointed counsel discharges his duties as a trial attorney and (2) subsequent prejudice therefrom, without which the outcome of the case would probably have been different. (*E.g., People v. Goerger*, 52 Ill.2d 403, 409, 288 N.E.2d 416, 419; *People v. Johnson*, 45 Ill.2d 501, 505, 259 N.E.2d 796, 798.) However, a review of appointed or retained counsel's competency does not extend to areas involving the exercise of judgment, discretion or trial strategy. (*E.g., People v. Newell*, 48 Ill.2d 382, 387, 268 N.E.2d 17, 19; *People v. St. Pierre*, 25 Ill.App.3d 644, 650, 324 N.E.2d 226, 231.

Applying these legal precepts to the case at bar, we are not in accord with the defendant's contention that he was denied effective assistance of counsel because his court-appointed attorney failed to (1) file timely pretrial motions, (2) obtain pretrial discovery, (3) obtain the presence of witnesses favorable to the defendant, (4) make a clear and intelligent closing argument, and (5) put forward any kind of defense.

With regard to the allegation that defense counsel failed to timely file pretrial motions, it is well settled in Illinois that whether or not a motion to suppress should be filed in a criminal case is a matter of trial tactics and almost invariably has no bearing on the issues of competency

of counsel. (*E.g., People v. Hall,* 25 Ill.App.3d 555, 323 N.E.2d 450 (abstract opinion); *People v. Moore,* 17 Ill.App.3d 507, 511, 308 N.E.2d 210, 213.) Moreover, a review of the record indicates that defense counsel attempted at trial to file a motion to suppress evidence, which consisted of the weapon and ammunition as well as Begani's identification of the defendant, but the court disallowed such motion since the necessary police officers were not present at the trial. This unsuccessful attempt to suppress such evidence did not prejudice the defendant since defense counsel, on cross-examination of Begani, sought to accomplish the same result by impeaching him as to the conversations he allegedly had with the officers in question as well as refuting his identification of the defendant by inquiring into the number of drinks he had consumed prior to the incident.

■■ As to defendant's second allegation, it has been held that the alleged failure of defense counsel to use available pretrial discovery techniques does not establish counsel's incompetency in absence of any indication that use of such technique would have disclosed anything of any particular benefit to the defendant. (*People v. Goines,* 20 Ill.App.3d 1055, 1058, 314 N.E.2d 193, 195.) While the record reveals that defense counsel filed a written motion for pretrial discovery in December of 1971 and that the State filed an answer to such motion, the defendant posits that defense counsel failed to procure all available answers to his discovery motion. Yet, in light of the above enunciated legal precept, the record is devoid of any evidence that suggests the acquisition of such information would have disclosed anything beneficial to the defendant. On the contrary, the defense counsel knew that, through the pretrial discovery, the State's evidence would clearly establish that the defendant shot the complaining witness three times on the metal steps just outside the second floor of the building. Thus, his failure to obtain these answers did not evince unpreparedness on his part nor prejudice to the defendant; rather, it was a strategic ploy to circumvent evidence detrimental to his case.

There is also no merit to defendant's assertion that the failure to produce Toni Johnson as a witness was prejudicial to the defense. The failure to call witnesses cannot be the basis of a claim of incompetency of counsel where such failure appeared to be a matter of trial strategy. (*People v. Witherspoon,* 55 Ill.2d 18, 22, 302 N.E.2d 3, 5; *People v. Bunting,* 18 Ill.App.3d 99, 110, 309 N.E.2d 316, 323-24.) Moreover, the fact that defense counsel did not take action which he could have does not establish incompetency of counsel in the absence of any showing that such action would have produced evidence affecting the innocence or guilt of the defendant. (*People v. Goines,* 20 Ill.App.3d 1055, 1058,

314 N.E.2d 193, 195.) In the instant case, defense counsel's decision not to call Toni Johnson was based purely on the exercise of judgment and discretion. The defendant's uncontroverted testimony only established that Miss Johnson informed the defendant that someone was outside his room on the fire escape. Neither side introduced any evidence that Miss Johnson was outside the building with the defendant while he was investigating nor that she witnessed the shooting to support defendant's claim that he acted in self-defense. Therefore, any testimony elicited from her or even from the policemen who investigated the altercation would not pertain to the defendant's guilt or innocence but to matters that occurred prior to the shooting.

■■ The defendant's final two assertions that defense counsel did not make a clear and intelligent closing argument and did not put forward any kind of defense also do not substantiate his contention of lack of effective assistance of counsel. It is important to note that a court appointment to represent an indigent does not endow an attorney with the ability to perform miracles. (*People v. Williams*, 47 Ill.2d 239, 241, 265 N.E.2d 107, 108-09.) Concerning the former allegation, it cannot be said that defense counsel's closing remarks resulted in substantial prejudice to the defendant. Rather, a review of the record indicates that defense counsel did his best with the explanation of the shooting given to him by the defendant. Thus, his performance should not be measured by what defendant's appellate counsel, with hindsight, might estimate to have been a better presentation. (See, *e.g., People v. Washington*, 41 Ill.2d 16, 21, 241 N.E.2d 425, 428; *People v. Ferguson*, 25 Ill.App.3d 379, 323 N.E.2d 398 (abstract opinion).) With reference to the defendant's allegation that defense counsel failed to proffer any kind of defense, it must be remembered that proper legal representation does not require the manufacturing of a defense where there is none. (*People v. Davis*, 16 Ill.App.3d 846, 849, 306 N.E.2d 897, 899; *People v. Lecompte*, 5 Ill.App.3d 616, 620, 283 N.E.2d 705, 708.) In the case at bar, neither Eugene Brown nor Helen Williamson verified the defendant's initial alibi that he was with them at the time of the shooting. Moreover, the defendant admitted in his signed statement and at trial that he shot Begani and further acknowledged that Begani was unarmed and did not physically strike him. While such evidence overwhelmingly evinces the frailty and implausibility of a possible defense, whether alibi or self-defense, we are of the opinion that defense counsel, as evidenced by his extensive examination of the complainant as well as his strong attempt to convince the trial judge of the inconsistent statements made by the complainant, discharged his duties to the defendant with an extremely vigorous and able representation. We therefore conclude that

in view of the totality of facts and circumstances in the instant case, the defendant did receive a fair trial and his allegations pertaining to competency of counsel do not warrant a reversal.

■■ The count in the indictment charging the defendant with aggravated battery for intentionally and knowingly, without legal justification causing great bodily harm to Begani, in violation of section 12—4(a) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 12—4(a)) is reversed and the sentence rendered thereon is vacated while the other count charging him with the same offense but committing it by use of a deadly weapon in violation of section 12—4(b)(1) of the Code (Ill. Rev. Stat. 1971, ch. 38, par. 12—4(b)(1)) is affirmed.

Reversed in part and affirmed in part.

ADESKO and JOHNSON, JJ., concur.