THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROBERT BREITWEISER, Defendant-Appellant.

Third District   No. 75-342

Opinion filed December 8, 1976.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

Louis F. Pignatelli, Jr., State's Attorney, of Morrison (Timothy Slavin, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
Defendant Robert Breitweiser appeals from a conviction for unlawful possession of cannabis in an amount in excess of 30 grams but not more than 500 grams. Defendant was found guilty in a jury trial in the Circuit Court of Whiteside County and after a sentencing hearing, defendant was sentenced to 13 to 39 months imprisonment.

From the record it appears that on March 13, 1975, a police officer of the Sterling Police Department observed defendant's car being driven

with an illegal suspension system. The officer had stopped defendant's car on two prior occasions and had instructed defendant to make the proper changes. The officer turned on the revolving red lights on his patrol car and shined the patrol car's spotlight directly into the rear window of defendant's car. Defendant, however, did not stop his automobile but proceeded directly to his residence. The officer followed defendant's automobile at a distance of two car lengths, and when the defendant pulled his automobile into the driveway of his residence, the officer blocked the driveway street exit with his squad car. Defendant hurriedly left his automobile, locked the car door and ran into the house. The officer continued to pursue defendant and although defendant slammed the door and sought to block the officer's pursuit, he ran upstairs and was apprehended by the officer.

The officer noticed a strong odor of burned cannabis coming from defendant. Upon searching the defendant, the officer found a plastic bag in defendant's pocket which contained a green vegetable substance which, in light of the officer's past experience, he believed contained cannabis. The officer also found, clipped to defendant's waistband, a metal clip device of the type commonly used to hold hand-rolled cigarettes containing cannabis. The officer also inspected defendant's locked vehicle from the outside and observed a large bread-wrapper bag, approximately one-half full of a substance. The officer, in his experience, noticed that cannabis is commonly carried in plastic bags.

The officer then prepared a statement relating the facts referred to and secured a search warrant for a search of defendant's automobile. The subsequent search of defendant's automobile produced a brown paper bag, which contained three plastic bags. Testimony at the trial revealed that the three plastic bags contained 56.2 grams of unlawful cannabis. No testimony was presented at the trial as to the nature of the green vegetable matter which was found on defendant's person.

Defendant was represented at the trial of the case by the public defender. Prior to the trial, the public defender moved to suppress all items seized from defendant's automobile, and alleged a technical defect in the search warrant and the lack of probable cause in issuing the warrant. After hearing arguments of counsel and representations of fact on the motion, the trial court reserved its ruling until trial, at which time it denied the motion.

As we have noted, the jury found defendant guilty of the offense of unlawful possession of cannabis in an amount in excess of 30 grams but not more than 500 grams. At the sentencing hearing, the State requested that defendant be sentenced under the enhanced penalty provision of the Cannabis Control Act (Ill. Rev. Stat. 1973, ch. 56½, par. 704(d).) The State contended that this was proper since defendant had been previously

convicted for unlawful possession of cannabis. The indictment of defendant, however, did not contain an allegation of defendant's prior conviction. The presentence report showed that defendant had received a previous 1- to 3-year sentence on March 1, 1974, for possession of cannabis, and a 1- to 5-year sentence on July 1, 1974, for burglary. The trial court sentenced defendant to a term of imprisonment of not less than 13 months nor more than 39 months, a sentence which would be authorized only if the enhanced penalty provision was applicable. Defendant has been released on parole on June 23, 1976.

On appeal in this court, for the first time in the course of this proceeding, an argument is raised that the contraband discovered in the search of defendant's car is inadmissible for the reason that the warrantless arrest of defendant in his home was illegal and that, therefore, the elements of probable cause upon which the automobile search was predicated were tainted. Defendant concedes that this ground for exclusion of the evidence was not included in his motion to suppress at the trial and that this court has rejected attacks upon the denial of a motion to suppress wherein grounds raised on appeal were not presented to the trial court. Defendant contends that the waiver rule should not be applied in this case and that relief should be accorded defendant under either the plain error doctrine or because of ineffective assistance of defendant's appointed counsel.

Defendant's assertion that it was plain error for the trial court to admit into evidence materials discovered in the search of defendant's automobile rests largely on *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022, and *United States v. Santana* (1976), ___ U.S. ___, 49 L. Ed. 2d 300, 96 S. Ct. 2406. In *Coolidge*, the Supreme Court stated:

> "It is clear, then, that the notion that the warrantless entry of a man's house in order to arrest him on probable cause is per se legitimate is in fundamental conflict with the basic principle of Fourth Amendment law that searches and seizures inside a man's house without warrant are per se unreasonable in the absence of some one of a number of well defined 'exigent circumstances.' " 403 U.S. 443, 477-78, 29 L. Ed. 2d 564, 589-90.

In view of the language in *Coolidge*, defendants seeks to distinguish the more recent case of *United States v. Santana*, where the Supreme Court upheld the warrantless entry of a dwelling to make an arrest. In *Santana*, police officers, after making an undercover drug purchase, proceeded to Santana's house, intending to arrest her for supplying drugs to the immediate seller, who had already been arrested. As the officers arrived at the house, Santana was standing in the doorway, and, when the officers shouted "police", she retreated inside. The police followed her through

the open door and arrested her. The *Santana* opinion first established that, when the officers first sought to arrest her, Santana was in a public place, where, under *United States v. Watson*, 423 U.S. 411, 46 L. Ed. 2d 598, 96 S. Ct. 820 (1976), her warrantless arrest upon probable cause would not violate the Fourth Amendment. In *Santana*, the United States Supreme Court stated:

> "The only remaining question is whether her act of retreating into her house could thwart an otherwise proper arrest. We hold that it could not. In Warden v. Hayden, 387 U.S. 294, 18 L. Ed. 2d 782, 87 S. Ct. 1642 (1967), we recognized the right of police, who had probable cause to believe that an armed robber had entered a house a few minutes before, to make a warrantless entry to arrest the robber and to search for weapons. This case, involving a true 'hot pursuit,' is clearly governed by Warden; the need to act quickly here is even greater than in that case while the intrusion is much less. * * * Once Santana saw the police, there was likewise a realistic expectation that any delay would result in destruction of evidence. * * * Once she had been arrested the search, incident to that arrest, which produced the drugs and money was clearly justified." ___ U.S. ___, ___, 49 L. Ed. 2d 300, 305.

■■ In the cause before us, defendant, at the time he ran from his car, was subject to traffic charges regarding the illegal suspension in his automobile and possible charges of flight or attempting to elude a police officer and resisting or obstructing a peace officer. At that time, defendant had subjected himself to a possible custodial arrest and, accompanying arrest, a search. Due to the nature of the issues raised in the trial court, the events occurring after defendant left his car, are not fully detailed. The officer's affidavit upon which the search warrant was obtained, however, states:

> "The defendant Breitweiser slammed the door of the house in my face and held it as I pursued. He then ran upstairs in the house and was apprehended."

On the facts in this court, we cannot readily determine the validity of defendant's arrest. The Illinois Supreme Court in *In re Lamb* (1975), 61 Ill. 2d 383, 387, 336 N.E.2d 753, stated:

> "Respondent initially contends that his statements were inadmissible as the fruits of an illegal arrest. The legality of that arrest cannot, as earlier noted, be determined from the record * * *. The State's failure to present other evidence concerning the arrest obviously resulted from respondent's failure to raise the issue in the trial court. We hold that, in such circumstances, the issue has been waived and cannot be raised for the first time on appeal."

Since, due to defendant's failure to raise the issue at trial, there is not now

adequate evidence in the record to determine the validity of defendant's arrest, the issue on the basis of the precedent of *In re Lamb* has been waived.

Defendant also contends that the validity of his arrest may be examined due to the ineffective assistance of his appointed counsel at trial. The language of the Illinois Appellate Court case of *People v. Hines* (1st Dist. 1975), 34 Ill. App. 3d 97, 100, 339 N.E.2d 489, in discussing a similar issue, states:

> "While a defendant's right to assistance by counsel is not satisfied by the mere formality of an appointment of an attorney by the court, * * * such attorney is not expected nor does due process require that he be infallible. * * * The constitutional requirements of adequate representation are not met only when the defendant demonstrates (1) actual incompetence of counsel, as reflected in the manner in which his court-appointed counsel discharges his duties as trial attorney and (2) subsequent prejudice therefrom, without which the outcome of the case would probably have been different."

■■ Defendant's counsel in the instant case presented a pretrial motion to suppress the evidence discovered in the search of defendant's automobile. The fact that the motion did not set forth the grounds now urged on this appeal could easily involve a matter of judgment on the part of counsel as to the probability of success on issues raised in the motion. In such circumstances, we cannot say that defendant has shown actual incompetence of his appointed counsel or any prejudice resulting from actions of his appointed counsel.

The final argument is made by defendant that the trial court erred in imposing a sentence under the enhanced penalty provision of the Cannabis Control Act. The Cannabis Control Act (Ill. Rev. Stat. 1975, ch. 56½, par. 704) provides in part:

> "It is unlawful for any person knowingly to possess cannabis. Any person who violates this section with respect to: * * *
>
> (d) more than 30 grams but not more than 500 grams of any substance containing cannabis is guilty of a Class 4 felony; provided that if any offense under this subsection (d) is a subsequent offense, the offender shall be guilty of a Class 3 felony; * * *."

As we have noted, the indictment of defendant contained no allegation of a prior offense. Nevertheless, the trial court sentenced defendant to a term of imprisonment of not less than 13 months nor more than 39 months, which, as we have indicated, would be a term authorized only for a Class 3 felony, but not for a Class 4 felony. As we have noted, defendant has been released from imprisonment and is now on parole. Consequently, a

sentence reduction now can, at the most, only affect defendant's parole status.

We should observe, however, in *People v. Ostrand* (1966), 35 Ill. 2d 520, 529, 221 N.E.2d 499, the Illinois Supreme Court determined that in order to impose an enhanced sentence, due to a prior felony conviction, for the offense of unlawful use of weapons, it is:

> "\* \* \* not only proper to allow [at trial] the allegation and proof of a prior felony conviction, but it was necessary in order to prove defendant's commission of the felony of carrying a concealed weapon."

■■ In *People v. Hayes* (1st Dist. 1973), 15 Ill. App. 3d 851, 858, 305 N.E.2d 283, the appellate court, after reviewing the statutes which provide for enhanced penalties for the second and subsequent convictions thereof, concluded:

> "\* \* \* we do not find any legislative mandate that such prior convictions be pleaded in the indictment as part of alleging the particular substantive offense. Nor do we find any legislative intent that such prior convictions be proven by the State as part of its case in chief."

The *Hayes* court, however, went on to state:

> "However, we feel constrained in this case to follow the *Ostrand* and *Dixon* cases \* \* \*."

On the basis of the *Ostrand* and the *Hayes* observation, the fact that the State did not include an allegation of defendant's prior conviction in the indictment, precluded the application of an enhanced penalty. In view of the *Ostrand* and *Hayes* conclusion, therefore, we believe that the enhanced penalty should not be applied in the instant case. Accordingly, we now reduce defendant's sentence to not less than 12 months nor more than 36 months in prison.

The judgment of the Circuit Court of Whiteside County, therefore, is affirmed other than as modified by reduction of sentence as herein set forth in this opinion.

Affirmed. Sentence modified.

STOUDER and SCOTT, JJ., concur.