THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY D. MAYS, Defendant-Appellant.

Third District   No. 79-258

Opinion filed January 17, 1980.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin, Thomas R. Lamont, and Martin N. Ashley, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a conviction for theft following a bench trial held on March 12, 1979, in Peoria County. On December 29, 1978, defendant, Larry Mays, was in Bergner's Store in Peoria. Mays was in the men's department when he walked over to where the suits were hanging and took four suits from the rack. Defendant walked past the cash register and toward the exit door. As he went, he gestured to other customers to be quiet. When he was within a couple of feet from the exit he was apprehended by Charles Knaub, a security officer for the store, who had been observing Mays. After he was stopped and arrested defendant claimed he was taking the suits to the fitting room to try them on. (Mays did not testify at the trial.)

Mays was charged by indictment with theft in violation of section 16—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(a)(1)). Defendant waived his right to a jury trial, and the cause proceeded to a bench trial. After the State presented its case, defense counsel moved for a directed verdict, arguing the State had failed to establish "unauthorized control" of the suits in question. The court denied the motion. Defendant rested without presenting any evidence and moved for a finding of not guilty at the close of all the evidence. This too was denied. The court ultimately found Mays guilty as charged.

There was a presentence investigation which showed that the defendant had a previous conviction for theft and on April 20, 1979, a hearing on post-trial motions and sentencing was held. Defendant's motion for a new trial was denied, and the court sentenced defendant to an extended term of eight years imprisonment. Defendant then filed a timely notice of appeal. On appeal, defendant raises four issues: (1) that the evidence presented at trial was not sufficient to establish defendant's guilt beyond a reasonable doubt; (2) whether the court was barred from imposing an extended term sentence since defendant's prior conviction was neither alleged in the indictment nor proved at trial; (3) whether the court erred in imposing an extended sentence where the court did not find that "the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty"; and (4) whether defendant's eight-year sentence for theft was excessive and must be reduced.

Defendant's first issue on appeal is that his guilt was not established beyond a reasonable doubt in that he claims the State failed to prove he exerted unauthorized control or that he intended to permanently deprive

Bergner's of the suits. The statute under which the defendant was charged and convicted provides:

"A person commits theft when he knowingly:

(a) Obtains or exerts unauthorized control over the property of the owner; * * *

(1) Intends to deprive the owner permanently of the use or benefit of the property * * *." Ill. Rev. Stat. 1977, ch. 38, par. 16—1(a)(1).

■■ The State must establish both propositions beyond a reasonable doubt; that the defendant exerted unauthorized control over the property and intended to permanently deprive Bergner's of the suits. (*People v. Joy* (1976), 44 Ill. App. 3d 349, 358 N.E.2d 101.) It is very clear that defendant exerted unauthorized control over property belonging to Bergner's. Defendant was approximately 10 feet past the cash register and almost to the door when apprehended. Defendant claimed he was on his way to the fitting rooms, but the fitting rooms were approximately 60 feet away in the direction from which defendant had come. Under such circumstances it was totally proper for the trial court to have found defendant's explanation incredible and hold that defendant exerted unauthorized control.

■■ With regard to intent to permanently deprive Bergner's of the property, such intent may seldom be proved by direct evidence and therefore must be deduced from acts committed and circumstantial evidence. (*People v. Baker* (1936), 365 Ill. 328, 6 N.E.2d 665; *People v. Baddeley* (1969), 106 Ill. App. 2d 154, 245 N.E.2d 593.) In the instant case there is ample evidence from which this intent can be inferred. Defendant had walked 10 feet past the cash register and was almost to the exit door. Further, he made motions to other customers to keep silent. These acts are certainly adequate to sustain a finding that the requisite intent existed. Therefore we hold that there was sufficient evidence to support a finding of guilty beyond a reasonable doubt.

■■ The defendant's second issue is whether the court was barred from imposing an extended sentence. The bill of indictment charged defendant with theft in excess of $150 in violation of section 16—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(a)(1)). This is a Class 3 felony warranting imprisonment for a determinate term of not less than two nor more than five years. (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(e)(3); Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—1(a)(6).) However, an extended term of not less than five years nor more than 10 years may be imposed under section 5—8—2 of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—2) if any of the aggravating factors listed in section 5—5—3.2(b) of the Code (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2(b)) are found to

be present. The first factor listed is "When a defendant is convicted of any felony, after having been previously convicted of the same or greater class felony, within 10 years, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts." (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2(b).) This factor is present in the case at bar. The defendant was convicted of a Class 3 felony. He had been previously convicted of a Class 3 felony less than 10 years ago. Defendant claims that since this prior conviction was not alleged in the indictment nor proved at trial, it cannot be used as a factor in imposing an extended sentence.

■■■ We do not believe this to be the law in Illinois. The general rule is that all elements of an offense must be pleaded and proved at trial. Therefore, where a fact is essential to the grade or degree of an offense, it is, in effect, an element and must be proven. But where a fact merely increases the penalty for an offense but does not change the grade or degree of the offense, such pleading and proof are not required and, indeed, can be reversible error. (*People v. De Groot* (1968), 108 Ill. App. 2d 1, 247 N.E.2d 177.) In the present case, the defendant was convicted of a Class 3 felony. The prior conviction, although it increased the sentence, did not increase the grade or degree of offense. There was no problem of notice in that the defendant was completely and accurately apprised of the charges against him. Therefore, it was not error not to have alleged the prior conviction in the indictment nor prove it at trial.

Not only was it not error, we believe that requiring a prior conviction to be alleged in the indictment and proved at trial would be against the best interests of all parties to the criminal justice system. Such a rule would require prosecutors to risk reversal for having deprived the defendant of a fair trial by introducing inflammatory and prejudicial matter at the trial.

The prejudice to defendant is easily demonstrated. If the prosecutor's ground for imposition of an extended term was a defendant's prior conviction, within 10 years of the same or higher grade offense, then pleading and proving such fact at trial would effectively deprive the defendant of his ability to prevent prior convictions from being disclosed to the jury in impeachment by refusing to take the stand.

Alternatively, if the prosecutor's ground for imposition of an extended term was that the defendant's conduct was exceptionally brutal and indicative of wanton cruelty (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2(b)(2)), then the inclusion of such inflammatory language in the charging document, and the proof which would necessarily be admitted at trial in support of the allegation, would certainly be regarded as having substantially prejudiced defendant's right to a fair trial. For the above reasons, we believe that the trial court properly handled the prior conviction.

Defendant's third issue on appeal is that the State had to prove the existence of both elements of section 5—5—3.2(b) of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2(b)) a prior conviction and heinous conduct, in order to impose an extended sentence. Defendant bases this argument on the fact that section 5—8—2 authorizes an extended sentence if the factors in 5—5—3.2 were present. "Where the judge finds that such factors were present, he may sentence an offender * * *." (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—2.) We do not find this argument persuasive. Section 5—5—3.2 specifically states that the two factors may be considered as reasons for an extended term sentence and then lists them as a prior conviction *or* heinous conduct. The only logical reading of these statutes read together is that either factor is sufficient for an extended-term sentence. To adopt defendant's construction of the statutes would automatically exclude first offenders from the provisions of the extended term. We do not believe the legislature intended to exclude all first-time offenders from the possibility of an extended term no matter how heinous the offense.

Additionally, the construction urged by defendant would exclude many classes of offenses from the possibility of extended-term sentencing. Many offenses, by their nature, cannot be accompanied by brutal or heinous conduct, and are never indicative of wanton cruelty. Offenses such as conspiracy, theft, forgery, burglary, perjury and bribery, among others, would, under the defendant's construction, never be punishable by an extended term. We do not believe the legislature intended that result. Therefore, we hold that proving one of the factors is adequate to impose an extended term sentence.

Defendant's final issue on appeal is that the eight-year sentence is simply excessive under the circumstances. We disagree. Having already decided that it was proper to sentence the defendant under the extended-term statute, we believe the eight-year sentence was not inappropriate. The defendant had an adjudication of juvenile delinquency. He was convicted of aggravated assault and sentenced to two years probation with one year in prison. After serving time, he was convicted of theft and served five years in jail. Less than two months after he was released, he was arrested for the present crime and convicted. Under these circumstances we do not believe the term of eight years to be excessive.

For the above mentioned reasons, the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

STENGEL and SCOTT, JJ., concur.