THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GARY PEDDICORD, Defendant-Appellant.

Third District   No. 79-184

Opinion filed June 25, 1980.

Robert Agostinelli and Thomas A. Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

Stephen Landuyt, State's Attorney, of Oquawka (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

The defendant, Gary L. Peddicord, was convicted of aggravated battery and unlawful use of weapons following a jury trial in Henderson County. He was sentenced to 8 years imprisonment for the aggravated battery and fined $1,000 for the unlawful use of weapons.

On appeal, the defendant raises the following issues, all relating to the sentence imposed: whether the factors giving rise to an extended term need be alleged in the charging instrument; whether the imposition of an extended term was proper under the circumstances of the case at bar; whether the extended-term sentence imposed punished the defendant for exercising his constitutional right to a jury trial; and whether the trial judge adequately specified on the record his reasons for imposing a fine of $1,000 upon the defendant.

The record shows that on June 26, 1978, two complaints were filed against the defendant. The first charged him with aggravated battery in that he shot Billie Jo Pierce on June 13, 1978, in violation of section 12—4(b)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 12—4(b)(1)). The second charged the defendant with unlawful use of weapons in that he possessed a gun with the intent to use it against Ms. Pierce on June 13, 1978, in violation of section 24—1(a)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 24—1(a)(2)). Following unsuccessful plea negotiations, the defendant was tried before a jury on both of these charges. Although a lengthy recital of the facts is not necessary to a resolution of the issues raised, a summary account of the defendant's activities will be helpful.

The evidence showed that the defendant first met the victim, Ms. Pierce, on the afternoon of June 9, 1978. They had dinner, visited a friend of the defendant's, and drove around for some time before the defendant returned Ms. Pierce to the Trail's End Motel in Galesburg, where she was staying. The defendant next saw Ms. Pierce on June 12, 1978, when he picked her up at the motel. They spent the day together, engaged in a variety of activities. In the evening the defendant drove Ms. Pierce to truck stops along I-74, where she engaged in acts of prostitution with truckers whom she had contacted on a CB radio located in the defendant's truck. At some point during the evening the defendant's wife, Eleanor Peddicord, met the defendant at a truck stop and angrily exchanged words with him.

In the early morning hours of June 13, 1978, the defendant and Ms. Pierce stopped at an empty house near Bogus Hollow in Henderson County. Ms. Pierce had been looking for a place to live, and the defendant had brought her to the house to look around. After they had looked in the windows of the house, Ms. Pierce walked back toward the defendant's truck. As she did so, Ms. Pierce was shot in the neck. She fell

to her knees, crying, and covered her head. Then, according to her testimony, the defendant walked in front of her and shot her near the right eye. After firing, the defendant reportedly said, "Now are you going to do what I tell you to do?"

Following the shooting incident, the defendant helped Ms. Pierce to his truck. The two drove around for some time, obtaining some gasoline from a farm and later traveling to Burlington, Iowa to buy gas. Around 6:30 a.m. the defendant returned Ms. Pierce to her motel room where she remained for a few hours. Later in the day, she checked into Cottage Hospital in Galesburg where she called the police to report the events described above.

Upon these facts, the defendant was convicted of aggravated battery, a Class 3 felony (Ill. Rev. Stat. 1977, ch. 38, par. 12—4(b)(1)), and unlawful use of weapons, a Class A misdemeanor (Ill. Rev. Stat. 1977, ch. 38, par. 24—1(a)(2)). A Class 3 felony warrants a sentence of imprisonment, if no alternative disposition is chosen, for a determinate term of not less than 2 nor more than 5 years. (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—1(a)(6).) The trial court may, however, apply the extended term provisions of the Unified Code of Corrections, under the following conditions:

> "(1) When a defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts; or
>
> (2) When a defendant is convicted of any felony and the court finds that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty." (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2(b).)

In the case at bar the defendant received an extended sentence of 8 years imprisonment based on the trial judge's determination that the defendant's actions were exceptionally brutal and as such were indicative of wanton cruelty. The defendant challenges this sentence on several grounds. He first contends that the sentence is fatally defective and must be vacated, because the complaint failed to allege that the defendant's offense was accompanied by such brutal and cruel behavior as to be indicative of wanton cruelty. He takes the position that the facts justifying an extended term must be pleaded and proved at trial as a prerequisite to the imposition of an extended term.

In support of his position, the defendant cites a number of cases, placing principal reliance upon *People v. Ostrand* (1966), 35 Ill. 2d 520, 221 N.E.2d 499, and *People v. Breitweiser* (1976), 44 Ill. App. 3d 284, 357 N.E.2d 890. In *Ostrand* the defendant was convicted for unlawful use of

weapons, a crime which constituted a misdemeanor offense, but one which would be upgraded to a felony if the person had been convicted of a felony within the last 5 years. (Ill. Rev. Stat. 1961, ch. 38, pars. 2—11, 2—7.) Our supreme court held that it was necessary that the prior felony be alleged and proved before the offense could be upgraded. (*People v. Ostrand* (1966), 35 Ill. 2d 520, 529-30, 221 N.E.2d 499, 505.) In *Breitweiser* this court held that factors which would have raised the offense from a Class 4 felony to a Class 3 felony must be pleaded in a charging document and proved at trial. *People v. Breitweiser* (1976), 44 Ill. App. 3d 284, 288-89, 357 N.E.2d 890, 893-94.

■■ Unfortunately, *Ostrand, Breitweiser,* and the other cases cited by the defendant do not support his position. Those cases, in which reviewing courts held that any facts which changed the grade or degree of an offense must be pleaded in the charging document and proved at trial, merely extend the general rule that all elements of an offense must be pleaded and proved at trial. Where a fact is essential to the grade or degree of an offense, it is, in effect, an element. However, the factors to be considered when imposing a sentence under the extended-term provision are not essential to the grade or degree of an offense, and thus are not elements of the offense charged. Therefore, these factors need not be pleaded or proved at trial.

In *People v. Butler* (1979), 78 Ill. App. 3d 809, 396 N.E.2d 1374, the court addressed the specific issue raised by the defendant in the case at bar. The *Butler* court rejected the argument raised there that the extended term sentence imposed for armed robbery must be vacated because the defendant's prior conviction had not been alleged in the information. In reaching its decision, the court held:

> "The aggravating factors by the terms of the statutes themselves are relevant only in regard to sentencing. They are not necessary elements proof of which is required to find appellant guilty of the crime in the first place. He was charged and convicted under section 18—2(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 18—2(a)), the elements of which are taking property from the person or presence of another by the use of force or by threatening the imminent use of force while carrying or otherwise armed with a dangerous weapon. That statute under subparagraph (b) states that the sentence to be imposed for armed robbery shall be in accordance with Class X felonies. And under section 5—8—2(a) and section 5—5—3.2(b)(1), any prior conviction for the same or greater class felony is only a basis to impose an extended-term *sentence*. Appellant was not charged with, nor could he be, extended-term armed robbery. No such offense exists. He was charged with armed robbery. The extended-term statute is

operative only at the sentencing level, and not at the indictment level.

* * *

While appellant argues that a prior conviction within the same or greater class felony must be alleged before an extended term can be imposed, it is clear that no such requirement exists in the statute. All of the aforesaid sections are encompassed within chapter V of the amended Unified Code of Corrections, entitled "Sentencing," and not Title III of the revised Criminal Code of 1961, entitled "Specific Offenses." Furthermore, this is not a case of mandatory increased punishment as in *Booker* and *Lamphear*. Rather, the extended-term statute only gives the trial court discretion to sentence thereunder: 'Where the judge finds that such factors were present, he *may sentence* an offender to the following [extended term].' (Emphasis added.) (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—2(a).) Such discretionary matters need not be charged in an information." *People v. Butler* (1979), 78 Ill. App. 3d 809, 812-14, 396 N.E.2d 1374, 1376-77.

■■ The reasoning of the *Butler* court was adopted in *People v. Gray* (1979), 80 Ill. App. 3d 213, 399 N.E.2d 206, and by this court in *People v. Mays* (1980), 80 Ill. App. 3d 340, 399 N.E.2d 718. In *Mays* the defendant was indicted on one count of theft and received an extended-term sentence. The defendant argued that the court was barred from imposing an extended-term sentence because his previous conviction for theft was neither alleged in the indictment nor proved at trial.

We rejected the defendant's argument, stating:

"We do not believe this to be the law in Illinois. The general rule is that all elements of an offense must be pleaded and proved at trial. Therefore, where a fact is essential to the grade or degree of an offense, it is, in effect, an element and must be proven. But where a fact merely increases the penalty for an offense but does not change the grade or degree of the offense, such pleading and proof are not required and, indeed, can be reversible error. (*People v. De Groot* (1968), 108 Ill. App. 2d 1, 247 N.E.2d 177.) In the present case, the defendant was convicted of a Class 3 felony. The prior conviction, although it increased the sentence, did not increase the grade or degree of offense. There was no problem of notice in that the defendant was completely and accurately apprised of the charges against him. Therefore, it was not error not to have alleged the prior conviction in the indictment nor prove it at trial.

Not only was it not error, we believe that requiring a prior conviction to be alleged in the indictment and proved at trial

would be against the best interests of all parties to the criminal justice system. Such a rule would require prosecutors to risk reversal for having deprived the defendant of a fair trial by introducing inflammatory and prejudicial matter at the trial." (*People v. Mays* (1980), 80 Ill. App. 3d 340, 344, 399 N.E.2d 718, 721.)

Thus, where a fact merely enhances the penalty for the offense but does not change the grade or degree of the offense, pleading and proof of such facts are not required. (*People v. De Groot* (1969), 108 Ill. App. 2d 1, 247 N.E.2d 177.) In the present case the cruel and wanton manner in which the aggravated battery was carried out increased the sentence imposed, but it did not increase the grade or degree of the offense. Therefore, no error was committed in failing to include these aggravating factors in the indictment or to prove them at trial.

The defendant next contends that the extended-term provision of the sentencing act requires that both aggravating factors listed there must be present before an extended term can be imposed. The interpretation urged by the defendant would require that the trial court find that the defendant was previously convicted in Illinois of a felony of the same or greater class as the instant felony conviction and that the instant offense was accompanied by exceptionally brutal or heinous behavior and that such conduct was indicative of wanton cruelty. See Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2(b).

■■ The defendant's contention is untenable. A reasonable interpretation of the statute, as revealed in the relevant case law, dictates that either factor will suffice to support the imposition of an extended term sentence. In the recent case of *People v. Sally* (1980), 84 Ill. App. 3d 167, 405 N.E.2d 407, this court noted with approval the holding in *People v. Racinowski* (1979), 78 Ill. App. 3d 954, 397 N.E.2d 932, that a finding of either factor in aggravation was sufficient to support an extended term sentence. Accord, *People v. Butler* (1979), 78 Ill. App. 3d 809, 396 N.E.2d 1374; *People v. Gray* (1979), 80 Ill. App. 3d 213, 399 N.E.2d 206.

The defendant's third contention regarding the extended sentence imposed is that he was punished for exercising his constitutional right to a jury trial because the sentence received (8 years imprisonment) was "grossly disparate" from the sentence of probation (2 years) offered to the defendant during plea negotiations.

It is a well-established proposition that constitutional error is committed when a defendant is penalized at sentencing for merely exercising the right to trial by jury. (*People v. Moriarty* (1962), 25 Ill. 2d 565, 185 N.E.2d 688.) Proof that a defendant has been so penalized may be established inferentially from the length of the sentence imposed upon a defendant as compared with a sentence given by the same judge to a similarly involved codefendant upon the latter's plea of guilty. (*People v.*

*Utinans* (1977), 55 Ill. App. 3d 306, 370 N.E.2d 1080.) Similarly, a reasonable inference of a constitutional deprivation has been drawn where a great disparity exists between the sentence offered at a pretrial conference to which a trial judge was a participant and one imposed at the conclusion of a jury trial. However, these principles have not eroded the well-established proposition that a mere disparity between the sentence offered during plea bargaining and that ultimately imposed, of itself, does not warrant the use of the reviewing court's powers to reduce a term of imprisonment imposed by the trial court. *People v. Dennis* (1975), 28 Ill. App. 3d 74, 328 N.E.2d 135.

The defendant asks this court to follow the rationale of *United States v. Stockwell* (9th Cir. 1973), 472 F.2d 1186, *cert. denied* (1973), 411 U.S. 948, 36 L. Ed. 2d 409, 93 S. Ct. 1924. In *Stockwell* the trial court informed the defendant that if he pleaded guilty he would receive a 3-year sentence, whereas if he went to trial he would receive a 5- to 7-year sentence. The defendant received a 7-year sentence after going to trial and being convicted. The Ninth Circuit Court of Appeals vacated the defendant's sentence and remanded for resentencing, noting that where the record shows the trial court has taken a hand in plea bargaining, a tentative sentence is discussed and a harsher sentence follows upon conviction after no plea agreement is reached, the record must show that no improper weight was given to the failure to plead guilty so as to punish the defendant for going to trial.

■ In the case at bar the record is unclear regarding the extent of the trial judge's participation if any, in the plea negotiations, although it is evident that the plea offer was discussed in the presence of the judge. The fact that the judge presiding at the pretrial conference was not the same judge who sentenced the defendant after his conviction is not indicative, as the State would have us believe, of an independent determination of an appropriate sentence. The trial judge who presided at the trial and sentencing hearing must be held responsible for an awareness of the previous history of the case.

The defendant cites *People v. Dennis* (1975), 28 Ill. App. 3d 74, 328 N.E.2d 135, as controlling. In that case the defendant was offered a 2- to 4- or 2- to 6-year sentence in return for a plea of guilty of armed robbery. This offer was made during plea negotiations in the presence of the judge. The defendant declined the offer and was convicted after a jury trial. He received a sentence of 40 to 80 years. The appellate court reduced the defendant's sentence because the record indicated that the defendant was punished for exercising his constitutional right to a jury trial. In so holding the court limited its findings as follows:

"Finally, we wish to make it clear that our holding that petitioner suffered a constitutional deprivation which must be remedied is

limited to the facts of the instant case, namely, a sentence imposed following a jury trial approximately 20 times greater than that offered during plea negotiations." (*People v. Dennis* (1975), 28 Ill. App. 3d 74, 78, 328 N.E.2d 135, 138.)

Thus it is clear that while the court in *Dennis* found grounds for vacation of the sentence imposed, the holding is expressly limited to the facts of that case.

■■ In the present case the 8-year sentence imposed is not as grossly disparate as that found in *Dennis*. In addition, the trial judge in imposing sentence specifically found that aggravating circumstances were present. Because reviewing courts have always been and are extremely reluctant to interfere with the discretion vested in the trial judge where the sentence is within the statutory range, we decline to interfere with the 8-year sentence imposed in the present case. See *People v. Moriarty* (1962), 25 Ill. 2d 565, 185 N.E.2d 688; *People v. Calhoun* (1961), 22 Ill. 2d 31, 174 N.E.2d 166, *cert. denied* (1961), 368 U.S. 935, 7 L. Ed. 2d 196, 82 S. Ct. 373.

The defendant's final contention is that he was denied a proper sentencing hearing because the trial judge failed to adequately specify on the record his reasons for imposing a fine of $1,000 upon the defendant, following his conviction for unlawful use of weapons. The basis of the defendant's argument is that the trial judge not only failed to specify any reasons for imposing the fine, but that he also failed to determine the defendant's future ability to pay it. We reject the defendant's contention.

Preliminarily we note that a fine of up to $1,000 is authorized as an appropriate sentence for the commission of a Class A misdemeanor, such as unlawful use of weapons. (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3(b), and Ill. Rev. Stat. 1977, ch. 38, par. 1005—9—1(a)(2).) A presentencing report was prepared in the present case which informed the trial judge of the defendant's financial resources. From this information the trial judge was capable of determining the defendant's future ability to pay the fine.

Regarding the defendant's allegations that the trial judge failed to adequately specify on the record his reasons for imposing a fine, we find the reasoning in *People v. Bishop* (1980), 81 Ill. App. 3d 521, 524-25, 401 N.E.2d 648, 650-51, handed down by this court on March 7, 1980, controlling:

"Certainly, the trial judge must specify his reasons for the sentence imposed. However, we believe that the trial court need not, as the defendant suggests, specify separate and distinct reasons for imposing the fine. * * * As a consequence, when a fine and imprisonment are imposed, they are imposed as one sentence, with

the reasons specified supporting the entirety. The reasons specified by the trial judge in this case are sufficient to support the imposition of the instant sentence. In addition, we do not believe the trial judge need specifically state that the defendant was determined to have the financial resources and future ability to pay the fine. That finding is implicit in the imposition of a fine where the trial judge is aware of facts in the record which would support such a finding (*Menken*), even though the better practice may be to articulate the finding.

            * * *

We therefore hold that the facts within the trial court's knowledge at the sentencing hearing regarding the defendant's financial resources and ability to pay a $2,500 fine justified its imposition, and although the court did not state the specific reasons why a fine was imposed at all, its reasons for the imposition of sentence (which included the fine), stated at the sentencing hearing, satisfied the requirements of section 5—4—1(c) of the Criminal Code." (81 Ill. App. 3d 521, 524-25, 401 N.E.2d 648, 650-51.)

It is equally clear from the record in the present case that the trial judge considered the imposition of a fine upon the defendant an appropriate sentence.

■■ For the reasons expressed above we hold that the defendant's sentence was appropriate and proper and that the reasons for its imposition were adequately expressed by the trial judge in the record. Accordingly the judgment of the Circuit Court of Henderson County is affirmed.

Judgment affirmed.

STOUDER and SCOTT, JJ., concur.