THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHAD
Q. EVANS, Defendant-Appellant.—CHAD Q. EVANS, Petitioner-Appellant, v.
THE DEPARTMENT OF STATE POLICE et al., Respondents-Appellees.

Second District    Nos. 2—09—0159, 2—10—0153 cons.

Opinion filed November 23, 2010.

Thomas A. Lilien and Steven E. Wiltgen, both of State Appellate
Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Lawrence M. Bauer and
Richard S. London, both of State's Attorneys Appellate Prosecutor's Office, of
counsel), for the People.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor
General, and John P. Schmidt, Assistant Attorney General, of counsel), for ap-
pellee Illinois Department of State Police.

Michael J. Waller, State's Attorney, of Waukegan (Carla N. Wyckoff, Assistant State's Attorney, of counsel), for appellee Lake County State's Attorney.

PRESIDING JUSTICE ZENOFF delivered the opinion of the court:

Chad Q. Evans (defendant) appeals from the denial of his request to file a successive postconviction petition and the dismissal of his petition for a writ of *mandamus*. For the reasons that follow, we affirm.

## BACKGROUND

In May 1995, defendant was found guilty of two counts of first-degree murder (Ill. Rev. Stat. 1989, ch. 38, pars. 9—1(a)(2), (a)(3)) and one count of concealment of a homicidal death (Ill. Rev. Stat. 1989, ch. 38, par. 9—3.1(a)). The evidence at trial demonstrated that, although defendant was not the shooter, he was accountable for the shooting death of Kevin Strauther. At the time of his death, Strauther was 17. Defendant was 18, and the shooter, Robert Garite, was 15. The trial court sentenced defendant to 30 years' imprisonment for first-degree murder and 5 years' imprisonment for concealment of a homicidal death, with the sentences to run consecutively.

On November 10, 2008, having already filed several postconviction petitions, defendant filed a petition for leave to file a successive postconviction petition. In the attached postconviction petition, defendant argued that he should not be required to register under the Sex Offender Registration Act (Sex Offender Act) (730 ILCS 150/1 *et seq.* (West 2008)) or the Child Murderer and Violent Offender Against Youth Registration Act (Violent Offender Act) (730 ILCS 154/1 *et seq.* (West 2008)), because Garite, having been only 15 at the time of the murder, did not have to register. (Although defendant did not mention these acts by name in his proposed postconviction petition, the public act to which defendant referred deals only with these two registries.) The trial court denied defendant's petition for leave on January 9, 2009, finding that defendant had failed to establish prejudice. Defendant appealed (No. 2—09—0159).

On May 12, 2009, defendant instituted a new action by filing a petition for a writ of *mandamus*. In his petition, defendant again argued that the Sex Offender Act and the Violent Offender Act did not apply to him because Garite, for whose acts defendant was held accountable, was only 15 at the time of the murder, thus making him ineligible for registration. The respondents, the Department of State Police and the Lake County State's Attorney (LCSA), filed motions to dismiss. On September 15, 2009, defendant filed a motion, which,

although unclear, appeared to request that his petition for writ of *mandamus* be recharacterized as a petition for declaratory relief. Following a hearing, the trial court found that the matter was not ripe for adjudication and granted the motions to dismiss. Although the trial court did not enter an order specifically granting or denying the request for recharacterization, in its order granting the motions to dismiss, it referred to defendant's petition as a petition for writ of *mandamus* or declaratory relief. Defendant appealed the trial court's dismissal of his petition (No. 2—10—0153).

## ANALYSIS

### A. Postconviction Petition (No. 2—09—0159)

■ Defendant first appeals from the trial court's denial of his request to file a successive postconviction petition. A second or subsequent postconviction petition may be filed only with leave of the trial court upon a showing of both cause for failure to bring the claim in the initial petition and prejudice resulting from that failure. 725 ILCS 5/122—1(f) (West 2008). A petitioner shows cause "by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings." 725 ILCS 5/122—1(f)(1) (West 2008). A petitioner shows prejudice "by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122—1(f)(2) (West 2008).

Defendant makes no argument on appeal that he established cause and prejudice. Accordingly, any contention that the trial court erred is forfeited. 210 Ill. 2d R. 341(h)(7) ("Points not argued are waived ***"). The trial court's denial of defendant's request to file a successive postconviction petition is therefore affirmed.

### B. Petition for Writ of *Mandamus* (No. 2—10—0153)

■ Defendant also appeals from the dismissal of his petition for writ of *mandamus* (or declaratory relief), arguing that the trial court erred because (1) the issue is ripe for adjudication, and (2) he is not subject to registration under the Violent Offender Act when Garite, the principal, is not subject to registration under the Violent Offender Act. (Defendant makes no argument regarding the applicability of the Sex Offender Act.)

We need not decide the ripeness issue, however, because, even if the issue is ripe for adjudication, as defendant contends, defendant is subject to registration under the Violent Offender Act and, thus, he is not entitled to the relief he seeks.

Preliminarily, LCSA argues that the question of whether defendant is subject to the Violent Offender Act is not properly before us because the trial court did not enter a final order based on the merits of this issue. While it is true that the trial court did not grant the motions to dismiss based on a determination that defendant is subject to the Violent Offender Act, the trial court did enter a final order dismissing defendant's petition. Because we may affirm on any basis found in the record (*Cwik v. Giannoulias*, 237 Ill. 2d 409, 424 (2010)), we are not prevented from reaching the issue of whether defendant is subject to the Violent Offender Act.

Whether, having been convicted on a theory of accountability, defendant is subject to registration under the Violent Offender Act presents a question of statutory interpretation, which we review *de novo*. *MD Electrical Contractors, Inc. v. Abrams*, 228 Ill. 2d 281, 286 (2008).

The Illinois Supreme Court recently reiterated the principles governing statutory interpretation:

"As we have consistently held, our primary objective in interpreting a statute is to ascertain and give effect to the intent of the legislature. *Blum v. Koster*, 235 Ill. 2d 21, 29 (2009). The most reliable indicator of such intent is the language of the statute, which is to be given its plain and ordinary meaning. *Blum*, 235 Ill. 2d at 29.

In determining the plain meaning of the statute, we consider the statute in its entirety, the subject it addresses, and the apparent intent of the legislature in enacting it. *Blum*, 235 Ill. 2d at 29. When the statutory language is clear and unambiguous, it must be applied as written, without resort to extrinsic aids of statutory construction. *Blum*, 235 Ill. 2d at 29.

However, if a statute is capable of being understood by reasonably well-informed persons in two or more different ways, the statute will be deemed ambiguous. *Landis v. Marc Realty, L.L.C.*, 235 Ill. 2d 1, 11 (2009). If the statute is ambiguous, the court may consider extrinsic aids of construction in order to discern the legislative intent. *Landis*, 235 Ill. 2d at 11. We construe the statute to avoid rendering any part of it meaningless or superfluous. *Blum*, 235 Ill. 2d at 29. We do not depart from the plain statutory language by reading into it exceptions, limitations, or conditions that conflict with the expressed intent. *Blum*, 235 Ill. 2d at 29.

We may also consider the consequences that would result from construing the statute one way or the other. *Landis*, 235 Ill. 2d at 12. In doing so, we presume that the legislature did not intend absurd, inconvenient, or unjust consequences. *Landis*, 235 Ill. 2d at 12." *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 440-41 (2010).

The Violent Offender Act requires that a " 'violent offender against youth' " register with the appropriate agency within the required time frame. 730 ILCS 154/10(a) (West 2008). A " 'violent offender against youth' " includes one who is convicted of a "violent offense against youth." 730 ILCS 154/5(a)(1)(A) (West 2008). In turn, a " 'violent offense against youth' " includes first-degree murder "when the victim was a person under 18 years of age and the defendant was at least 17 years of age at the time of the commission of the offense." 730 ILCS 154/5(b)(2) (West 2008). The statute provides no exception for defendants convicted under an accountability theory.

Here, it is undisputed that Strauther was under the age of 18 and that defendant was at least the age of 17 at the time of the murder. Accordingly, the plain language appears to apply precisely to defendant.

Defendant argues, however, that because the principal Garite does not have to register under the Violent Offender Act, defendant does not have to register either. Whether Garite is required to register under the Violent Offender Act is disputed, but we need not decide the question, because even if Garite is not required to register under the Violent Offender Act, defendant has presented nothing that excuses him from registering simply because he was convicted on an accountability theory.

Defendant does not contend that the language of the Violent Offender Act excludes him from registering, but instead argues that, because Illinois case law treats accomplices no differently than principals, he should not have to register if Garite does not. The two cases he primarily relies on, however, do not stand for the proposition that, where a principal is not subject to a registration law, the accomplice may not be required to register. Rather, they stand for the proposition that, where the State fails to prove that the principal committed an element of the charged offense, the accomplice may not be held accountable for that offense. See *People v. Chirchirillo*, 393 Ill. App. 3d 916, 926-27 (2009) (where the State failed to prove that the principal committed the offense of unlawful possession of a firearm by a felon, the defendant accomplice could not be convicted of unlawful possession of a firearm by a felon); *People v. Griffin*, 247 Ill. App. 3d 1, 15 (1993) (where the State failed to prove that the principal committed the offense of aggravated criminal sexual assault, the defendant accomplice could not be convicted of aggravated criminal sexual assault). While a defendant's conviction may rise and fall with the principal's guilt of the charged offense (see *Chirchirillo*, 393 Ill. App. 3d at 924 ("a defendant cannot be found guilty of an offense under an accountability theory if the State has failed to establish the principal's

guilt of the charged crime")), nothing provides that the defendant is subject to only those collateral ramifications to which the principal is also subject. For instance, if an alien defendant is convicted of a crime on an accountability theory and thus is subject to deportation, he would not avoid deportation simply because the principal is a United States citizen and not subject to deportation.

The remaining cases cited by defendant also do not stand for the proposition that defendant should be excused from registering because his principal is not required to register. Rather, they simply stand for the proposition that defendant, although only an accomplice, is punishable to the full extent of the law for the principal's actions. See *People v. Rodriguez*, 229 Ill. 2d 285, 293-94 (2008) (the defendant accomplice was subject to firearm enhancement even though the principal was the one who was armed); *People v. Sangster*, 91 Ill. 2d 260, 264-65 (1982) (the defendant, who was convicted on an accountability theory, was subject to consecutive sentencing); *People v. Tibbs*, 103 Ill. App. 3d 73, 75-76 (1981) (the defendant accomplice was eligible to receive an extended term based on the brutal and heinous nature of the principal's actions).

As the plain language of the Violent Offender Act encompasses defendant and defendant has provided no basis on which he should be excluded, he is subject to registration under the Violent Offender Act, and thus the trial court properly dismissed defendant's petition.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

BOWMAN and O'MALLEY, JJ., concur.